# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IGT, | ) |
| Plaintiff, | ) Case No. 2:15-cv-00473-GMN-GWF |
| vs. | ) **ORDER** |
| ARISTOCRAT TECHNOLOGIES, INC., | ) |
| Defendant. | ) |

This matter is before the Court on Third Party Aristocrat Technologies Australia Pty. Ltd. and Aristocrat International Pty. Ltd.'s Motion to Intervene (#39), filed on June 8, 2015.  Plaintiff IGT filed a Notice of Nonopposition (#43) on June 25, 2015.

Aristocrat Technologies Australia Pty. Ltd. ("ATA") and Aristocrat International Pty. Ltd. ("AI") seek to intervene in this action.  Both ATA and AI (hereinafter "the Parties" are corporate affiliates of Defendant Aristocrat Technologies, Inc. ("ATI").  ATA represents it holds legal title to several of the patents in this matter.  AI represents that it was granted an exclusive license to use ATA's patents.  AI then granted an exclusive license on the patents to Defendant ATI.

Intervention is permitted by Fed. R. Civ. P. 24 for parties that claim an interest relating to the property that is the subject of the action, and who may have that interest impeded should the action be disposed of without the intervening party being represented.  The party seeking to intervene as a matter of right must demonstrate that "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately

represent the applicant's interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). The Ninth Circuit's established policy favors intervention. *Pershing County v. Jewell*, 2015 WL 3658074, *2 (D. Nev. 2015) (citing *Wilderness Society v. U.S. Forest Service*, 647 F.3d 1173, 1179 (9th Cir. 2011)).

First, the Parties' motion is timely filed. No party will be prejudiced by the intervention at this early stage of the action. *See Citizens for Balanced Use*, 647 F.3d at 897.

Second, the Parties, as patent holders, have a significant protectable interest in this matter. A decision in this matter could be binding on the Parties, as the Parties are in privity with the Defendant. *See Abbott Labs v. Diamedix Corp.*, 47 F.3d 1128, 1133 (Fed. Cir. 1995). As the holders of the patents, the Parties have an interest that is proper for the court to recognize: "an interest in keeping the reputation of [their] patent[s] from the stain of a judgment of invalidity." *A.L. Smith Iron Co. v. Dickson*, 141 F.2d 3, 6 (2d Cir. 1944).

Finally, the Parties cannot count on the Defendant alone to represent their joint interest. So long as there is a chance that representation by the current parties to the suit "may be" inadequate to represent the intervening parties, the Court may allow intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 528 n.10 (1972)). The burden on the intervening parties to show that representation may be inadequate is minimal. *Arakaki*, F.3d 1078 at 1086. Defendant ATI cannot assert all the same claims as the Parties, as ATI is not the exclusive holder of the patents. ATA and AI, when licensing the patents, specifically reserved the right to sue and did not transfer all substantial rights to ATI. *See Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1361 (Fed. Cir. 2010). Defendant ATI is an exclusive licensee without all substantial rights, which "must be enforced through or in the name of the owner of the patent, and the patentee who transferred these exclusionary interests is usually joined to satisfy prudential standing requirements." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007). Therefore, because AFI does not have the ability or standing to assert all the claims that may be brought against a patent infringer, the Parties must be allowed to intervene. Accordingly,

**IT IS HEREBY ORDERED** that Aristocrat Technologies Australia Pty. Ltd. and Aristocrat International Pty. Ltd.'s Motion to Intervene (#39) is **granted**.

**IT IS FURTHER ORDERED** that the Parties shall file a responsive pleading to the Complaint by **July 13, 2015**.

**IT IS FURTHER ORDERED** that the hearing scheduled for **July 15, 2015 at 3:00 p.m.** is vacated.

**DATED** this 29th day of June, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge