**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IGT,

Plaintiff,

vs.

Aristocrat Technologies, Inc.,

Defendants.

Aristocrat Technologies, Inc., Aristocrat Technologies Australia Pty. Ltd., and Aristocrat International Pty. Ltd.,

Counterclaim Plaintiffs,

vs.

IGT,

Counterclaim Defendant.

Case No.: 2:15-cv-00473-GMN-GWF

**ORDER**

Pending before the Court is a Motion to Dismiss (ECF No. 37) filed by Defendant Aristocrat Technologies, Inc. ("Defendant"). Plaintiff IGT ("Plaintiff") filed a Response (ECF No. 42), and Defendant filed a Reply (ECF No. 47). Also pending before the Court is a Motion for Preliminary Injunction (ECF No. 48) filed by Plaintiff. Defendant filed a Response (ECF No. 51), and Plaintiff filed a Reply (ECF No. 54). Lastly, pending before the Court is a Motion for Leave to File First Amended Complaint (ECF No. 57) filed by Plaintiff, to which Defendant filed a Response (ECF No. 64). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**, Plaintiff's Motion for Preliminary Injunction is **DENIED**, and Plaintiff's Motion to File First Amended complaint is **DENIED** with leave to file a revised

Amended Complaint in accordance with the Court's instruction.

## I. **BACKGROUND**

Plaintiff brought this patent infringement suit alleging infringement of the following United States Patents: (1) 7,131,908 ("the '908 patent"); (2) 7,513,827 ("the '827 patent"); (3) 6,394,902 ("the '902 patent"); (4) 7,384,334 ("the '334 patent"); (5) 8,753,189 ("the '189 patent"); (6) D503,951 ("the '951 patent"); (7) 6,375,570 ("the '570 patent"); (8) 6,702,675 ("the '675 patent"); (9) 7,303,469 ("the '469 patent"); and (10) 6,932,701 ("the '701 patent"). (Compl., ECF No. 1). Plaintiff further requested declaratory judgment under the assignor estoppel doctrine for the following patents: (1) the '570 patent; (2) the '675 patent; (3) the '469 patent; and (4) the '701 patent. (*Id.*). Defendant moved to dismiss Plaintiff's claims seeking declaratory relief. (Mot. Dismiss, ECF No. 37). Additionally, Plaintiff brought a Motion for Preliminary Injunction, asking the Court to enjoin Defendant from initiating reexamination or *inter partes* review (IPR) of the '570, '675, '469, and '701 patents. (Mot. Prelim. Inj. 2:20–23, ECF No. 48). Plaintiff also filed a Motion for Leave to File First Amended Complaint requesting the Court's permission to include seven additional counts for patent infringement. (Mot. Leave to File First Am. Compl. 2:3–6; 3:19–21, ECF No. 57).

## II. **LEGAL STANDARD**

### A. Federal Rule of Civil Procedure 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Preliminary Injunction**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" Int'l Molders' & Allied Workers' Local Union No. 164 *v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)).

## III. DISCUSSION

### A. Defendant's Motion to Dismiss (ECF No. 37)

Defendant moves to dismiss Counts VIII, X, XII, and XIV of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) because no federal cause of action exists for declaratory judgment of assignor estoppel. (Mot. Dismiss 5:18–21, ECF No. 37). For the reasons discussed below, the Court will grant Defendant's Motion to Dismiss.[1]

"Assignor estoppel is an equitable doctrine that prevents one who has assigned a patent (or patent application) from later contending that what was assigned is a nullity." *Diamond*

[1] Because the Court addresses and dismisses Counts VIII, X, XII, and XIV under Federal Rule of Civil Procedure 12(b)(6), the Court will not address Defendant's argument to dismiss these Counts under Federal Rule of Civil Procedure 12(b)(1).

*Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988). Assignor estoppel functions most commonly as a defense against invalidity challenges based on "novelty, utility, patentable invention, anticipatory matter, and the state of the art." *Id.* (citing *Babcock v. Clarkson*, 63 F. 607, 609 (1st Cir. 1894)); *see also Semiconductor Energy Lab. Co., Ltd. v. Nagata*, 706 F.3d 1365, 1369 (Fed. Cir. 2013). The justification for applying assignor estoppel rests largely on the facts of each particular case, but the following four rationales are frequently mentioned: "(1) to prevent unfairness and injustice; (2) to prevent one [from] benefiting from his own wrong; (3) by analogy to estoppel by deed in real estate; and (4) by analogy to landlord-tenant relationship." *Diamond Scientific Co.*, 848 F.2d at 1224 ("[I]t is the implicit representation by the assignor that the patent rights that he is assigning (presumably for value) are not worthless that sets the assignor apart from the rest of the world and can deprive him of the ability to challenge later the validity of the patent.").

Here, the Court will follow the Federal Circuit's holding from *Semiconductor*. *See* 706 F.3d at 1370 ("[A]ssignor estoppel is a form of estoppel, and with rare exception, estoppel is a shield; it is an affirmative defense, not a claim for relief on its own."). Assignor estoppel is an affirmative defense against claims of invalidity, and requires a court to engage the facts of each particular case in determining whether its application is justified. *Diamond Scientific Co.*, 848 F.2d at 1224 ("[E]ach rationale [for application] may have some utility depending on the facts presented by the particular case."). In the present case, Plaintiff raises assignor estoppel in its Complaint, before Defendant has challenged the validity of the alleged infringed patents. (Compl. ¶¶ 57–59; 66–70; 75–79; 84–88, ECF No. 1). Procedurally, it is improper "to use a doctrine intended to estop a party from advancing a particular claim or defense . . . as a way to sue a [party] who has [not yet made] a claim or defense in a legal case." *Semiconductor Energy Laboratory*, 706 F.3d at 1370.

Accordingly, the Court grants Defendant's Motion to Dismiss. Assignor estoppel is an

affirmative defense against invalidity challenges, and is not appropriately raised as a cause of action in a complaint.

**B. Plaintiff's Motion for Preliminary Injunction**

In order to succeed on a motion for preliminary injunction, a party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because *Winter* requires a showing of likelihood of irreparable harm, the Ninth Circuit has repeatedly held a district court may not presume irreparable harm. *See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) ("We conclude that presuming irreparable harm . . . is inconsistent with, and disapproved by, the Supreme Court's opinions in *eBay* and *Winter*."); *Herb* Reed Enters., LLC. v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1250 (9th Cir. 2013) (recognizing that courts cannot presume irreparable harm in trademark infringement actions and reversing a district court's injunction because the "court's analysis of irreparable harm [was] cursory and conclusory."). The Court finds it can dispose of the present motion by analyzing whether Plaintiff has shown there is a likelihood it will suffer irreparable harm without this preliminary injunction.

**1. Likelihood of Irreparable Harm**

Plaintiff asserts it will be irreparably harmed if the Court does not enjoin Defendant from seeking reexamination or *inter partes* review at the United States Patent Office for two reasons: (1) Plaintiff would be unable to raise assignor estoppel as a defense during *inter partes* proceedings; and (2) Defendant may succeed in having one or more of the claims in the patents cancelled. (Mot. Prelimary Injunction 10:19–26, ECF No. 48). For the following reasons, the Court finds Plaintiff has not made an adequate showing of a likelihood of irreparable harm in the absence of preliminary relief.

Plaintiff's first argument, that it will be irreparably harmed because it is unable to raise assignor estoppel as a defense during *inter partes* review, is not sufficient to show a likelihood of irreparable harm. Plaintiff must "demonstrate a likelihood of irreparable injury—not just a possibility—in order to obtain preliminary relief." *Winter*, 555 U.S. at 21. This standard is not met if multiple contingencies must occur before injuries would ripen into concrete harms. *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 675 (9th Cir. 1988) (finding that, where multiple contingencies must occur before an injury would become a concrete harm, the injury was "too speculative to constitute an irreparable harm justifying injunctive relief."). While Plaintiff asserts that Defendant has implied its intention to petition for *inter partes* review at the United States Patent Office, (Repl. to Resp. to Mot. for Prelim. Inj. 10:6–9, ECF No. 57), this inference is not an adequate showing of likelihood of irreparable harm. Multiple contingencies must occur before Defendant's petition would injure Plaintiff. Specifically, the United States Patent Office would have to institute the proceedings and reach a finding of invalidity before Plaintiff would actually suffer injuries from Defendant's petition. Since, at this time, the Court cannot predict whether the Patent Office will decide to institute *inter partes* review, the circumstances Plaintiff offers show a possibility of injury, but are too contingent to satisfy the likelihood of irreparable harm standard.

Plaintiff's second argument, that it will be irreparably harmed because Defendant may succeed in having one or more of the claims in the patents cancelled, is also not sufficient to show irreparable harm. This is again a situation where there are multiple contingencies that must occur before Plaintiff would suffer any injury. As the Court has previously stated, Plaintiff's conceivable injuries, dependent upon multiple contingencies, are insufficient to show a likelihood of irreparable harm. Further, Plaintiff has not provided, and the Court has not found, any precedent case enjoining a defendant from seeking *inter partes* review at this stage in the proceedings. Because *inter partes* review is a statutorily permitted procedure, Defendant

would not infringe on any of Plaintiff's legal rights by pursuing such action. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (finding a preliminary injunction is "a . . . device for . . . preventing the irreparable loss of rights before judgment" and judges must exercise their "discretion in such a way as to minimize the risk that a litigant will suffer an irreparable loss of legal rights in the period before final resolution of the dispute" when ruling on preliminary injunctions.). Accordingly, the Plaintiff's Motion for Preliminary Injunction is denied.

**C. Plaintiff's Motion for Leave to File First Amended Complaint**

In its Motion for Leave to File First Amended Complaint, Plaintiff seeks to add seven additional claims of patent infringement. (Mot. Leave to File First Am. Compl. 3:19– 21, ECF No. 57). Defendant argues these additional infringement claims will substantially complicate and unduly delay the present suit. (Response 1:1–3, ECF No. 64). However, Plaintiff's request to add patent infringement counts to a case already asserting patent infringement does not complicate the present suit. Moreover, the Court finds that Plaintiff's request at such an early stage of the action does not result in an undue delay. Regardless, the Court will dismiss Plaintiff's Motion on other grounds.

Plaintiff's proposed First Amended Complaint contains counts for declaratory judgment of assignor estoppel. Because the Court has already dismissed these claims as improper, the Plaintiff is barred from reasserting such claims in an amended complaint. Accordingly, the Motion for Leave to File First Amended complaint is denied. However, Plaintiff may file a revised First Amended Complaint, which excludes the counts for declaratory judgment of assignor estoppel and includes the seven additional counts of patent infringement.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 57) is **DENIED** with leave to file a revised Amended Complaint in accordance with the Court's instruction.

**DATED** this 18th day of September, 2015.

___________________________

Gloria M. Navarro, Chief Judge
United States District Court