JEFF SILVESTRI, ESQ.
Nevada Bar No. 5779
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:  702.873.9966
E-mail:  jsilvestri@mcdonaldcarano.com

ADAM K. MORTARA, ESQ. (*pro hac vice*)          DANIEL C. TAYLOR, ESQ. (*pro hac vice*)
BRIAN C. SWANSON, ESQ. (*pro hac vice*)         BARTLIT BECK HERMAN
JASON L. PELTZ, ESQ. (*pro hac vice*)              PALENCHAR & SCOTT LLP
REID M. BOLTON, ESQ. (*pro hac vice*)           1899 Wynkoop Street, 8th Floor
BARTLIT BECK HERMAN                             Denver, CO 80202
  PALENCHAR & SCOTT LLP                         Telephone:  303.592.3100
54 West Hubbard Street, Suite 300                Facsimile:  303.591.3140
Chicago, IL 60654                                E-mail:  daniel.taylor@bartlit-beck.com
Telephone:  312.494.4400
Facsimile:  312.494.4440
E-mail:  adam.mortara@bartlit-beck.com
         brian.swanson@bartlit-beck.com
         jason.peltz@bartlit-beck.com
         reid.bolton@bartlit-beck.com

*Attorneys for Plaintiff and Counterclaim Defendant IGT*

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IGT,<br><br>Plaintiff,<br><br>v.<br><br>ARISTOCRAT TECHNOLOGIES, INC.,<br><br>Defendant.<br><br><br>ARISTOCRAT TECHNOLOGIES, INC.,<br>ARISTOCRAT TECHNOLOGIES<br>AUSTRALIA PTY. LTD., and<br>ARISTOCRAT INTERNATIONAL PTY. LTD.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>IGT,<br><br>Counterclaim Defendant. | CASE NO. 2:15-cv-00473-GMN-GWF<br><br>**IGT'S REVISED SECOND<br>AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff IGT brings this revised second amended complaint for patent infringement against Defendant Aristocrat Technologies, Inc. ("Aristocrat"). Pursuant to the Court's Order of September 18, 2015, ECF No. 70, IGT has deleted the four counts seeking declaratory judgment of assignor estoppel. By submitting this second amended complaint, IGT does not waive any of its rights with respect to the Court's decision to dismiss the declaratory-judgment counts. IGT alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and §§ 281-285.

2. This lawsuit pertains to Aristocrat's infringement of U.S. Patent Nos. 7,131,908; 7,513,827; 6,394,902; 7,384,334; 8,753,189; D503,951; 6,375,570; 6,702,675; 7,303,469; 6,932,701; 8,506,380; 6,913,532; 7,331,867; 7,927,206; 8,246,444; 7,988,549; 8,475,261; 7,238,110; 7,481,709; 8,801,519; and 9,105,156.

## PARTIES

3. Plaintiff IGT is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business located at 6355 South Buffalo Drive, Las Vegas, Nevada 89113. IGT is a world leader in gaming entertainment and a leading supplier of casino and lottery gaming machines commonly known as slot machines.

4. Defendant Aristocrat Technologies, Inc. is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business located at 7230 Amigo Street, Las Vegas, Nevada 89119. Aristocrat sells, leases, and/or operates gaming machines in the casino and lottery markets. Aristocrat is a subsidiary of Aristocrat Leisure Limited, an Australian corporation.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a).

6. This Court has personal jurisdiction over Aristocrat. Aristocrat is incorporated in Nevada and maintains substantial, continuous and systematic contacts in Nevada. Aristocrat has thus purposefully availed itself of the benefits and protections of Nevada's laws such that it should

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · SUITE 1200 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

reasonably anticipate being haled into court here.  Aristocrat regularly transacts business within Nevada including the sale, lease, and/or operation of gaming machines in Nevada.

       7.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. §§ 1391, 1400(b).

## FACTUAL BACKGROUND

### The Patents at Issue

       8.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,131,908 ("the '908 Patent").  The '908 Patent issued on November 7, 2006.  A true and correct copy of that patent is attached as **Exhibit A**.

       9.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,513,827 ("the '827 Patent").  The '827 Patent issued on April 7, 2009.  A true and correct copy of that patent is attached as **Exhibit B**.

      10.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 6,394,902 ("the '902 Patent").  The '902 Patent issued on May 28, 2002.  A true and correct copy of that patent is attached as **Exhibit C**.

      11.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,384,334 ("the '334 Patent").  The '334 Patent issued on June 10, 2008.  A true and correct copy of that patent is attached as **Exhibit D**.

      12.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 8,753,189 ("the '189 Patent").  The '189 Patent issued on June 17, 2014.  A true and correct copy of that patent is attached as **Exhibit E**.

      13.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. D503,951 ("the '951 Patent").  The '951 Patent issued on April 12, 2005.  A true and correct copy of that patent is attached as **Exhibit F**.

      14.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 6,375,570 ("the '570 Patent").  The '570 Patent issued on April 23, 2002.  A true and correct copy of that patent is attached as **Exhibit G**.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

15. Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 6,702,675 ("the '675 Patent"). The '675 Patent issued on March 9, 2004. A true and correct copy of that patent is attached as **Exhibit H**.

16. Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,303,469 ("the '469 Patent"). The '469 Patent issued on December 4, 2007. A true and correct copy of that patent is attached as **Exhibit I**.

17. Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 6,932,701 ("the '701 Patent"). The '701 Patent issued on August 23, 2005. A true and correct copy of that patent is attached as **Exhibit J**.

18. Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 8,506,380 ("the '380 Patent"). The '380 Patent issued on August 13, 2013. A true and correct copy of that patent is attached as **Exhibit K**.

19. Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 6,913,532 ("the '532 Patent"). The '532 Patent issued on July 5, 2005. A true and correct copy of that patent is attached as **Exhibit L**.

20. Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,331,867 ("the '867 Patent"). The '867 Patent issued on February 19, 2008. A true and correct copy of that patent is attached as **Exhibit M**.

21. Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,927,206 ("the '206 Patent"). The '206 Patent issued on April 19, 2011. A true and correct copy of that patent is attached as **Exhibit N**.

22. Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 8,246,444 ("the '444 Patent"). The '444 Patent issued on August 21, 2012. A true and correct copy of that patent is attached as **Exhibit O**.

23.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,988,549 ("the '549 Patent").  The '549 Patent issued on August 2, 2011.  A true and correct copy of that patent is attached as **Exhibit P**.

24.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 8,475,261 ("the '261 Patent").  The '261 Patent issued on July 2, 2013.  A true and correct copy of that patent is attached as **Exhibit Q**.

25.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,238,110 ("the '110 Patent").  The '110 Patent issued on July 3, 2007.  A true and correct copy of that patent is attached as **Exhibit R**.

26.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 7,481,709 ("the '709 Patent").  The '709 Patent issued on January 27, 2009.  A true and correct copy of that patent is attached as **Exhibit S**.

27.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 8,801,519 ("the '519 Patent").  The '519 Patent issued on August 12, 2014.  A true and correct copy of that patent is attached as **Exhibit T**.

28.     Plaintiff IGT is the owner, by assignment, of all rights, title and interest in U.S. Patent No. 9,105,156 ("the '156 Patent").  The '156 Patent issued on August 11, 2015.  A true and correct copy of that patent is attached as **Exhibit U.**

**Joe Kaminkow and IGT**

29.     Joe Kaminkow is a named inventor on the '570 Patent, the '675 Patent, the '469 Patent, and the '701 Patent.  Kaminkow is a designer of slot machines.

30.     Kaminkow worked at IGT from 1999 to 2012.  As IGT's Vice President of Game Design, Kaminkow led the development of several successful slot machines for IGT including SEX AND THE CITY, STAR WARS, and GHOSTBUSTERS.

31.     In the course of performing his duties at IGT, Kaminkow obtained patents on several important innovations in the field of electronic gaming machines.  Among these patents are the '570 Patent, the '675 Patent, the '469 Patent, and the '701 Patent.  Kaminkow assigned all rights, title,

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

and interest in these patents to IGT in exchange for valuable consideration, including salary, bonuses, and other employment benefits.

32.     Kaminkow resigned from IGT in January 2012.

**Joe Kaminkow and Aristocrat**

33.     Upon information and belief, Aristocrat called Kaminkow the same night he resigned from IGT to discuss the possibility of employing him.  Upon information and belief, Kaminkow had lunch with Aristocrat CEO Jamie Odell the next week.  *See* Howard Stutz, *Nevadan at Work: Veteran Game Designer is Always Creating*, Las Vegas Review-Journal (Nov. 2, 2013), available at http://www.reviewjournal.com/business/casinos-gaming/nevadan-work-veteran-game-designer-always-creating.

34.     Kaminkow joined Aristocrat in early 2013 immediately after the one-year non-compete clause in his employment agreement with IGT expired.  Kaminkow currently serves as Aristocrat's Senior Vice President of Game Development.  *See* News Release, *Legendary Game Developer Joins Aristocrat*, Market Wired (Feb. 26, 2013), available at http://www.marketwired.com/press-release/legendary-game-developer-joins-aristocrat-asx-all-1761483.htm.

35.     Upon information and belief, Kaminkow has been heavily involved in the development and design of slot machines Aristocrat has released since Kaminkow joined the company in 2013.  The first sentence of a March 2014 article in the publication Casino Enterprise Management confirms the centrality of Kaminkow's role: "Walk into Aristocrat Technologies' game development lair, and it's clear this is Joe Kaminkow's territory."  Marian Green, *Joe Kaminkow Cultivates Slot Game Creativity*, Casino Enterprise Management (Mar. 3, 2014), available at http://www.casinoenterprisemanagement.com/articles/march-2014/joe-kaminkow-cultivates-slot-game-creativity.

36.     Upon information and belief, Aristocrat debuted several of the slot machines Kaminkow designed at the Global Gaming Expo (popularly known as G2E) in Las Vegas in September 2013.  One such slot machine is the BATMAN CLASSIC TV SERIES game.  Aristocrat CEO Jamie Odell told Global Gaming Business Magazine that the BATMAN game is "Joe's great

product" and that "Aristocrat wouldn't normally have made that sort of game" without Kaminkow. *Q&A with Jamie Odell*, Global Gaming Business Magazine (Sept. 25, 2014), available at http://ggbmagazine.com/issue/vol-13-no-10-october-2014/article/q-a-with-jamie-odell. Aristocrat's Vice President of Marketing told the video publication This Week in Gambling that Kaminkow designed the BATMAN game. *Batman 1966 Slot Machine from Aristocrat Technologies*, This Week in Gambling (Aug. 13, 2014), available at https://www.youtube.com/watch?v=4iL0UOSp15A Aristocrat's Vice President of Gaming Operations described the BATMAN game as "a coming-out party for Joe Kaminkow." Frank Legato, *Aristocrat Technologies: Aiming High*, Global Gaming Business Magazine (Aug. 27, 2013), available at http://ggbmagazine.com/issue/vol-12-no-9-september-2013/article/aristocrat-technologies-aiming-high. In a promotional video Aristocrat's Vice President of Gaming Operations called the BATMAN game "the beginning of a new era" for Aristocrat and said it was "very special" having Kaminkow "bring his skills to Aristocrat, and in particular to [the BATMAN game]." Video, *Behind-the-Scenes Look at Batman Classic TV Series Slot Machine* (Apr. 9, 2014), available at http://www.vegasnews.com/113305/ aristocrat-releases-batman-classic-tv-series-slot-machine-and-behind-the-scenes-video.html. In the same video Kaminkow himself discusses the bonus wheels on the BATMAN game and refers to himself as "the king of wheels" having "made more wheel games probably than anybody." *Id.*

37.     Upon information and belief, Kaminkow owns a vintage Batmobile like the one used in the 1960's television series on which the BATMAN slot machine is based. Aristocrat displayed Kaminkow's Batmobile alongside the BATMAN game at G2E 2013. Howard Stutz, *Nevadan at Work: Veteran Game Designer is Always Creating*, Las Vegas Review-Journal (Nov. 2, 2013), available at http://www.reviewjournal.com/business/casinos-gaming/nevadan-work-veteran-game-designer-always-creating; Video, *Frank Fantini Signs Off from G2E 2013 in Joe Kaminkow's Batmobile* (Sept. 26, 2013), available at https://www.youtube.com/watch?v=-3I1KuWFC1M.

38.     Aristocrat has released several other slot machines in addition to the BATMAN CLASSIC TV SERIES game since Kaminkow joined the company. These slot machines include SUPERMAN THE MOVIE, TARZAN OF THE APES, THE ROLLING STONES, THE WALKING DEAD, FLASHDANCE, THE BIG BANG THEORY, and BRITNEY SPEARS. Upon

information and belief, Kaminkow has had significant involvement in the design and development of these games. *See* Howard Stutz, *Nevadan at Work: Veteran Game Designer is Always Creating*, Las Vegas Review-Journal (Nov. 2, 2013), available at http://www.reviewjournal.com/business/casinos-gaming/nevadan-work-veteran-game-designer-always-creating ("Aristocrat unveiled five games designed by [Kaminkow's] team—"Flashdance," "Tarzan," "The Rolling Stones," "Superman," and "Batman."); Frank Legato, *Aristocrat Technologies: Aiming High*, Global Gaming Business Magazine (Aug. 27, 2013), available at http://ggbmagazine.com/issue/vol-12-no-9-september-2013/article/aristocrat-technologies-aiming-high (quoting Aristocrat's Vice President of Gaming Operations as saying that Aristocrat "already had ['Flashdance'] in development before we brought Joe Kaminkow in . . . but after he was done with it, it was a night-and-day change"); Video, *Aristocrat (Joe Kaminkow) G2E 2014 Fantini Research* (Oct. 1, 2014) (Kaminkow introducing various games including The Big Bang Theory at G2E 2014).

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 7,131,908)

39.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

40.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '908 Patent: BATMAN CLASSIC TV SERIES, THE WALKING DEAD, THE ROLLING STONES, TARZAN OF THE APES, SUPERMAN THE MOVIE, FLASHDANCE, THE BIG BANG THEORY, and BRITNEY SPEARS.

41.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42.     The infringement by Aristocrat of the '908 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,513,827)

43.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

44.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '827 Patent: BATMAN CLASSIC TV SERIES, THE WALKING DEAD, SUPERMAN THE MOVIE, FLASHDANCE, THE BIG BANG THEORY, and BRITNEY SPEARS.

45.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46.     The infringement by Aristocrat of the '827 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 6,394,902)

47.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

48.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '902 Patent: BATMAN CLASSIC TV SERIES and THE BIG BANG THEORY.

49.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

50.     The infringement by Aristocrat of the '902 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT IV

## (INFRINGEMENT OF U.S. PATENT NO. 7,384,334)

51.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

52.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '334 Patent: BATMAN CLASSIC TV SERIES, TARZAN OF THE APES, and THE BIG BANG THEORY.

53.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54.     The infringement by Aristocrat of the '334 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT V

## (INFRINGEMENT OF U.S. PATENT NO. 8,753,189)

55.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

56.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '189 Patent: BATMAN CLASSIC TV SERIES, SUPERMAN THE MOVIE, TARZAN OF THE APES, and THE BIG BANG THEORY.

57.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1  not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

2  U.S.C. § 284.

3       58.    The infringement by Aristocrat of the '189 Patent will continue to cause IGT

4  irreparable injury and damage for which there is no adequate remedy at law unless and until

5  Aristocrat is enjoined from infringing said patent.

6  **COUNT VI**

7  **(INFRINGEMENT OF U.S. PATENT NO. D503,951)**

8       59.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38

9  above.

10       60.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of

11  at least the following gaming machines infringes at least one claim of the '951 Patent: BATMAN

12  CLASSIC TV SERIES, SUPERMAN THE MOVIE, and THE BIG BANG THEORY.

13       61.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of

14  Aristocrat's wrongful acts in an amount subject to proof at trial, including Aristocrat's profits,

15  together with interest and costs as fixed by this Court under 35 U.S.C. § 289.

16       62.    The infringement by Aristocrat of the '951 Patent will continue to cause IGT

17  irreparable injury and damage for which there is no adequate remedy at law unless and until

18  Aristocrat is enjoined from infringing said patent.

19  **COUNT VII**

20  **(INFRINGEMENT OF U.S. PATENT NO. 6,375,570)**

21       63.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38

22  above.

23       64.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of

24  at least the following gaming machines infringes at least one claim of the '570 Patent: BATMAN

25  CLASSIC TV SERIES, THE ROLLING STONES, THE BIG BANG THEORY, and BRITNEY

26  SPEARS.

27       65.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of

28  Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount

1  not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

2  U.S.C. § 284.

3    66.    The infringement by Aristocrat of the '570 Patent will continue to cause IGT

4  irreparable injury and damage for which there is no adequate remedy at law unless and until

5  Aristocrat is enjoined from infringing said patent.

6    **COUNT VIII**

7    **(INFRINGEMENT OF U.S. PATENT NO. 6,702,675)**

8    67.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38

9  above.

10    68.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of

11  at least the following gaming machines infringes at least one claim of the '675 Patent: BATMAN

12  CLASSIC TV SERIES, SUPERMAN THE MOVIE, THE WALKING DEAD, THE ROLLING

13  STONES, TARZAN OF THE APES, FLASHDANCE, THE BIG BANG THEORY, and BRITNEY

14  SPEARS.

15    69.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of

16  Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount

17  not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

18  U.S.C. § 284.

19    70.    The infringement by Aristocrat of the '675 Patent will continue to cause IGT

20  irreparable injury and damage for which there is no adequate remedy at law unless and until

21  Aristocrat is enjoined from infringing said patent.

22    **COUNT IX**

23    **(INFRINGEMENT OF U.S. PATENT NO. 7,303,469)**

24    71.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38

25  above.

26    72.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of

27  at least the following gaming machines infringes at least one claim of the '469 Patent: SUPERMAN

28  THE MOVIE and TARZAN OF THE APES.

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

73.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

74.     The infringement by Aristocrat of the '469 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT X

### (INFRINGEMENT OF U.S. PATENT NO. 6,932,701)

75.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

76.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '701 Patent: BATMAN CLASSIC TV SERIES, SUPERMAN THE MOVIE, and THE BIG BANG THEORY.

77.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

78.     The infringement by Aristocrat of the '701 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT XI

### (INFRINGEMENT OF U.S. PATENT NO. 8,506,380)

79.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

80.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '380 Patent: STORM

QUEENS (THUNDER QUEEN), STORM QUEENS (FROST QUEEN), MOON MAIDENS (SELENE), BUFFALO DELUXE, ALASKAN STORM DELUXE, and LONGHORN DELUXE.

81.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

82.     The infringement by Aristocrat of the '380 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT XII

### (INFRINGEMENT OF U.S. PATENT NO. 6,913,532)

83.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

84.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '532 Patent: BUFFALO, BUFFALO DELUXE, BUFFALO MOON, BUFFALO STAMPEDE, ALASKAN STORM DELUXE, and LONGHORN DELUXE.

85.     IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

86.     The infringement by Aristocrat of the '532 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT XIII

### (INFRINGEMENT OF U.S. PATENT NO. 7,331,867)

87.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1    88.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of

2  at least the following gaming machines infringes at least one claim of the '867 Patent: BUFFALO,

3  BUFFALO DELUXE, BUFFALO MOON, BUFFALO STAMPEDE, ALASKAN STORM

4  DELUXE, and LONGHORN DELUXE.

5    89.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of

6  Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount

7  not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

8  U.S.C. § 284.

9    90.    The infringement by Aristocrat of the '867 Patent will continue to cause IGT

10  irreparable injury and damage for which there is no adequate remedy at law unless and until

11  Aristocrat is enjoined from infringing said patent.

12  **COUNT XIV**

13  **(INFRINGEMENT OF U.S. PATENT NO. 7,927,206)**

14    91.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38

15  above.

16    92.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of

17  at least the following gaming machines infringes at least one claim of the '206 Patent: BUFFALO,

18  BUFFALO DELUXE, BUFFALO MOON, BUFFALO STAMPEDE, ALASKAN STORM

19  DELUXE, and LONGHORN DELUXE.

20    93.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of

21  Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount

22  not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

23  U.S.C. § 284.

24    94.    The infringement by Aristocrat of the '206 Patent will continue to cause IGT

25  irreparable injury and damage for which there is no adequate remedy at law unless and until

26  Aristocrat is enjoined from infringing said patent.

27  **COUNT XV**

28  **(INFRINGEMENT OF U.S. PATENT NO. 8,246,444)**

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1    95.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38

2 above.

3    96.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of

4 at least the following gaming machines infringes at least one claim of the '444 Patent: BUFFALO,

5 BUFFALO DELUXE, BUFFALO MOON, BUFFALO STAMPEDE, ALASKAN STORM

6 DELUXE, and LONGHORN DELUXE.

7    97.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of

8 Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount

9 not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

10 U.S.C. § 284.

11    98.    The infringement by Aristocrat of the '444 Patent will continue to cause IGT

12 irreparable injury and damage for which there is no adequate remedy at law unless and until

13 Aristocrat is enjoined from infringing said patent.

14 <center>**COUNT XVI**</center>

15 <center>**(INFRINGEMENT OF U.S. PATENT NO. 7,988,549)**</center>

16    99.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38

17 above.

18    100.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of

19 at least the following gaming machines infringes at least one claim of the '549 Patent: WONDER 4,

20 WONDER 4 STARS, WONDER 4 SPECIAL EDITION, and WONDER 4 JACKPOTS!.

21    101.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of

22 Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount

23 not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

24 U.S.C. § 284.

25    102.    The infringement by Aristocrat of the '549 Patent will continue to cause IGT

26 irreparable injury and damage for which there is no adequate remedy at law unless and until

27 Aristocrat is enjoined from infringing said patent.

28 <center>**COUNT XVII**</center>

<center>16</center>

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

**(INFRINGEMENT OF U.S. PATENT NO. 8,475,261)**

103.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

104.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '261 Patent: WONDER 4, WONDER 4 STARS, WONDER 4 SPECIAL EDITION, and WONDER 4 JACKPOTS!.

105.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

106.    The infringement by Aristocrat of the '261 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT XVIII

**(INFRINGEMENT OF U.S. PATENT NO. 7,238,110)**

107.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

108.    U.S. Patent No. 7,238,110, entitled "Gaming device having a re-triggering symbol bonus scheme with a bonus symbol accumulator" issued on July 3, 2007.  The claims of the '110 patent are directed to gaming machines and methods of gaming machines that include bonus features that accumulate bonus symbols.

109.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '110 Patent: BUFFALO GOLD, BRITNEY SPEARS, FLASH DANCE, MORE CHILI, and MORE HEARTS.

110.    In addition, upon information and belief, Aristocrat has induced infringement of the '110 patent in violation of 35 U.S.C. § 271(b).

111.    Aristocrat has had knowledge of the '110 Patent at least as of December 9, 2015.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

112.    The Aristocrat products identified in Paragraph 109 (the "'110 accused products") are gaming machines that include a bonus feature in which the player accumulates bonus symbols. Upon information and belief, the operation and use of the '110 accused products by third parties, including casino operators and/or casino patrons, infringes one or more claims of the '110 patent during the ordinary course of play. Upon information and belief, Aristocrat knows that the operation and use of the '110 accused products infringes the '110 patent.

113.    Upon information and belief, Aristocrat intends to cause this direct infringement of the '110 patent. Aristocrat provides the '110 accused products with the intent that these gaming machines, including the bonus scheme with bonus symbol accumulator, be operated and used. Upon information and belief, Aristocrat services and maintains the '110 accused products in order to facilitate their further operation and use.

114.    Upon information and belief, by providing the '110 accused products and promoting and encouraging their operation and use, with knowledge that such operation and use infringes the '110 patent, Aristocrat has actively induced infringement of the '110 patent in violation of 35 U.S.C. § 271(b).

115.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

116.    The infringement by Aristocrat of the '110 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

### COUNT XIX

### (INFRINGEMENT OF U.S. PATENT NO. 7,481,709)

117.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

118.    U.S. Patent No. 7,481,709, entitled "Gaming device having dual evaluation scheme" issued on January 27, 2009.  The claims of the '709 patent are directed to gaming machines and

methods of gaming machines that include evaluating a player's award when one symbol changes into another symbol.

119.   Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '709 Patent: DIAMOND DYNASTY and MAGIC FLOWER.

120.   In addition, upon information and belief, Aristocrat has induced infringement of the '709 patent in violation of 35 U.S.C. § 271(b).

121.   Aristocrat has had knowledge of the '709 Patent at least as of December 9, 2015.

122.   The Aristocrat products identified in Paragraph 119 (the "'709 accused products") are gaming machines that include multiple evaluations of a player's award wherein one symbol is replaced by another symbol.  Upon information and belief, the operation and use of the '709 accused products by third parties, including casino operators and/or casino patrons, infringes one or more claims of the '709 patent during the ordinary course of play. Upon information and belief, Aristocrat knows that the operation and use of the '709 accused products infringes the '709 patent.

123.   Upon information and belief, Aristocrat intends to cause this direct infringement of the '709 patent. Aristocrat provides the '709 accused products with the intent that these gaming machines, including the dual evaluation of a player's award when one symbol is replaced by another, be operated and used. Upon information and belief, Aristocrat services and maintains the '709 accused products in order to facilitate their further operation and use.

124.   Upon information and belief, by providing the '709 accused products and promoting and encouraging their operation and use, with knowledge that such operation and use infringes the '709 patent, Aristocrat has actively induced infringement of the '709 patent in violation of 35 U.S.C. § 271(b).

125.   IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · SUITE 1200 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

126.     The infringement by Aristocrat of the '709 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

### COUNT XX

### (INFRINGEMENT OF U.S. PATENT NO. 8,801,519)

127.     IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

128.     U.S. Patent No. 8,801,519, entitled "Gaming system, gaming device, and method providing one or more alternative wager propositions if a credit balance is less than a designated wager amount" issued on August 12, 2014.  The claims of the '519 patent are directed to gaming machines and methods of gaming machines that include an alternative wagering proposition when the player's credit balance is at or below a certain amount.

129.     Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '519 Patent: CASH EXPLOSION and DYNAMITE CASH.

130.     In addition, upon information and belief, Aristocrat has induced infringement of the '519 patent in violation of 35 U.S.C. 271(b).

131.     Aristocrat has had knowledge of the '519 Patent at least as of December 9, 2015.

132.     The Aristocrat products identified in Paragraph 129 (the "'519 accused products") are gaming machines that include an alternative wagering proposition when the player's credit balance is at or below a certain minimum wagering amount.  Upon information and belief, the operation and use of the '519 accused products by third parties, including casino operators and/or casino patrons, infringes one or more claims of the '519 patent during the ordinary course of play. Upon information and belief, Aristocrat knows that the operation and use of the '519 accused products infringes the '519 patent.

133.     Upon information and belief, Aristocrat intends to cause this direct infringement of the '519 patent. Aristocrat provides the '519 accused products with the intent that these gaming machines, including the alternative wagering proposition feature, be operated and used. Upon

information and belief, Aristocrat services and maintains the '519 accused products in order to facilitate their further operation and use.

134.    Upon information and belief, by providing the '519 accused products and promoting and encouraging their operation and use, with knowledge that such operation and use infringes the '519 patent, Aristocrat has actively induced infringement of the '519 patent in violation of 35 U.S.C. § 271(b).

135.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

136.    The infringement by Aristocrat of the '519 Patent will continue to cause IGT irreparable injury and damage for which there is no adequate remedy at law unless and until Aristocrat is enjoined from infringing said patent.

## COUNT XXI

## (INFRINGEMENT OF U.S. PATENT NO. 9,105,156)

137.    IGT repeats and realleges each of the assertions set forth in Paragraphs 1 through 38 above.

138.    U.S. Patent No. 9,105,156, entitled "Gaming device method and apparatus employing modified payouts" issued on August 11, 2015.  The claims of the '156 patent are directed to gaming machines and methods of gaming machines that include alternate modes of play where the modes of play have differing wager amounts, winning outcomes, and winning awards.

139.    Upon information and belief, Aristocrat's manufacture, use, offer to sell, and sale of at least the following gaming machines infringes at least one claim of the '156 Patent: GOLDEN PRINCESS and GOLDEN FESTIVAL.

140.    In addition, upon information and belief, Aristocrat has induced infringement of the '156 patent in violation of 35 U.S.C. 271(b).

141.    Aristocrat has had knowledge of the '156 Patent at least as of December 14, 2015.

142.    The Aristocrat products identified in Paragraph 139 (the "'156 accused products") are gaming machines that include an option to wager a different number of Gold Symbols, which are

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1    associated with different winning outcomes and winning awards.  Upon information and belief, the

2    operation and use of the '156 accused products by third parties, including casino operators and/or

3    casino patrons, infringes one or more claims of the '156 patent during the ordinary course of play.

4    Upon information and belief, Aristocrat knows that the operation and use of the '156 accused

5    products infringes the '156 patent.

6         143.    Upon information and belief, Aristocrat intends to cause this direct infringement of

7    the '156 patent. Aristocrat provides the '156 accused products with the intent that these gaming

8    machines, including the bonus features incorporating the different wager and award options, be

9    operated and used. Upon information and belief, Aristocrat services and maintains the '156 accused

10   products in order to facilitate their further operation and use.

11        144.    Upon information and belief, by providing the '156 accused products and promoting

12   and encouraging their operation and use, with knowledge that such operation and use infringes the

13   '519 patent, Aristocrat has actively induced infringement of the '156 patent in violation of 35 U.S.C.

14   § 271(b).

15        145.    IGT is entitled to recover from Aristocrat the damages sustained by IGT as a result of

16   Aristocrat's wrongful acts in an amount subject to proof at trial, including lost profits and an amount

17   not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

18   U.S.C. § 284.

19        146.    The infringement by Aristocrat of the '156 Patent will continue to cause IGT

20   irreparable injury and damage for which there is no adequate remedy at law unless and until

21   Aristocrat is enjoined from infringing said patent.

22                                  **REQUESTED RELIEF**

23        WHEREFORE, IGT respectfully requests the following relief:

24        A.    The entry of judgment that Aristocrat has infringed one or more claims of the '908,

25   '827, '902, '334, '189, '951, '570, '675, '469,'701, '380, '532, '867, '206, '444, '549,  '261, '110,

26   '709, '519, and/or '156 Patents literally and/or under the doctrine of equivalents;

27        B.    The entry of a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining

28   Aristocrat and its agents, servants, officers, directors, employees, affiliated entities, and all persons

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE· SUITE 1200 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

22

in active concert or participation with them from continued infringement of the '908, '827, '902, '334, '189, '951, '570, '675, '469, '701, '380, '532, '867, '206, '444, '549, '261; '110, '709, '519, and/or '156 Patents;

C.      An award to IGT of damages adequate to compensate IGT for Aristocrat's acts of infringement of the '908, '827, '902, '334, '189, '951, '570, '675, '469, '701, '380, '532, '867, '206, '444, '549, '261, '110, '709, '519, and/or '156 Patents;

D.      An award to IGT equal to any profits that Aristocrat gained from its infringement of the '908, '827, '902, '334, '189, '951, '570, '675, '469, '701, '380, '532, '867, '206, '444, '549, '261, '110, '709, '519, and/or '156 Patents;

E.      An award of prejudgment and post-judgment interest on all sums awarded;

F.      A post-verdict and post-judgment account for any infringement of the '908, '827, '902, '334, '189, '951, '570, '675, '469, '701, '380, '532, '867, '206, '444, '549, '261, '110, '709, '519, and/or '156 Patents not otherwise covered by a damages award and the requested injunctive relief; and

G.      Any such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, IGT respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

RESPECTFULLY SUBMITTED this 21st day of December, 2015.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

By: */s/ Daniel C. Taylor*

DANIEL C. TAYLOR, ESQ. *(pro hac vice)*
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Telephone:  303.592.3100
E-mail:  daniel.taylor@bartlit-beck.com

ADAM K. MORTARA, ESQ. (*pro hac vice*)
BRIAN C. SWANSON, ESQ. (*pro hac vice*)
JASON L. PELTZ, ESQ. (*pro hac vice*)
REID M. BOLTON, ESQ. (*pro hac vice*)
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone:  312.494.4400
E-mail:  adam.mortara@bartlit-beck.com
          brian.swanson@bartlit-beck.com
          jason.peltz@bartlit-beck.com
          reid.bolton@bartlit-beck.com

JEFF SILVESTRI, ESQ. (#5779)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:  702.873.9966
E-mail:  jsilvestri@mcdonaldcarano.com

*Attorneys for Plaintiff and Counterclaim Defendant IGT*

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2015, a true and correct copy of **IGT's Revised Second Amended Complaint** was electronically filed with the Clerk of the Court by using the CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notifications in this case.

*/s/ Daniel C. Taylor*
Daniel C. Taylor