UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IGT,<br><br>           Plaintiff,<br><br>vs.<br><br>ARISTOCRAT TECHNOLOGIES, INC.,<br><br>           Defendant.<br>_____<br>ARISTOCRAT TECHNOLOGIES, INC., et al.,<br><br>           Counterclaim Plaintiffs,<br><br>vs.<br><br>IGT,<br><br>           Counterclaim Defendant. | Case No. 2:15-cv-00473-GMN-GWF<br><br>**ORDER** |

      This matter is before the Court on Defendant/Counterclaimant Aristocrat Technologies, Inc.'s Request for Case Management Conference (#89), filed on December 22, 2015 and the parties' joint January 15, 2016 letter to the Court, Docket No. 93 ("Joint Letter (#93)"), regarding their respective proposed modifications to the scheduling order.  The Court conducted a hearing in this matter on January 22, 2016.

      This case currently involves claims for infringement of 32 patents relating to the parties' respective electronic gambling games.  IGT alleges that approximately 35 Aristocrat games infringe 21 IGT patents.   Aristocrat is asserting 11 patents against approximately 100 IGT games and certain cashless casino systems.  Given the number of patents and patent claims in issue, the parties agree that attempting to conduct discovery and litigate the infringement claims under a single schedule is

unduly burdensome and not reasonably feasible.  IGT and Aristocrat differ, however, on what solution should be implemented.  IGT proposes that the case be litigated in phases.  The first phase would consist of four or five IGT "patent families" and three or four Aristocrat "patent families."  The parties would adhere to the scheduling order presently in place (with some extensions as the Court has already approved) with respect to Phase One.  Phase Two would proceed along a parallel track at a three month interval after Phase One.  IGT contemplates at least two phases, but indicates that a third phase might be required.  Aristocrat objects to IGT's proposal on the grounds that staggering the case in three month phases will not significantly alleviate the burdens on the parties and the Court.

In Joint Letter (#93), Aristocrat initially proposed that discovery and the other scheduling deadlines be stayed while Aristocrat pursues a dispositive motion pursuant to 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2335 (2014).  IGT argues that Aristocrat is barred by "assignor estoppel" from challenging the validity of four of its patents because the inventor of the patents is now employed by Aristocrat.  IGT argues that assignor estoppel will have to be resolved before the defense of patent invalidity can be determined with respect to those patents.  Additionally, Aristocrat has also proposed a stay of discovery with respect to three of the four patents to which IGT asserts assignor estoppel based on Aristocrat having filed petitions for *inter partes* review ("IPR") with respect to those patents.

During the January 22, 2016 hearing, Aristocrat dropped its proposal that discovery and the other scheduling deadlines be stayed while it pursues a dispositive motion under § 101 and *Alice*.  Aristocrat requests, instead, that the Court adopt its alternative proposal to litigate a select number of patents in a first phase.  The remaining infringement claims will only be litigated after jury verdict and judgment in the first phase.  Under this proposal, there will be no stay of discovery or other scheduling deadlines while the parties pursue dispositive motions under § 101 and *Alice*.  Aristocrat also states that IGT can select one or more of the patents it asserts are subject to assignor estoppel for litigation during the first phase. IGT objects to Aristocrat's proposal on the grounds that it will result in the case being litigated for at least ten years.  Aristocrat counters that it is unrealistic to expect this case to be actually tried before a jury with respect to all of the patents and patent claims in issue,

either in one all-encompassing trial or in staggered phases as IGT proposes.  Aristocrat predicts that the adjudication of the infringement claims regarding the patents in the first phase will result in a settlement of the infringement claims as to the remaining patents.

      Having considered this matter and having conferred with the District Judge, the undersigned concludes that the proposal made by Aristocrat should be adopted.  In doing so, the Court recognizes that there is no guarantee that Aristocrat's prediction that the case will be resolved as a result of the first phase will come true.  The resolution of common issues in the first phrase, however, appears to have a reasonable prospect of achieving an overall resolution of the case, and is therefore the most expedient and least burdensome option.  The Court therefore directs the parties to meet and confer regarding the selection of patents to be included in the first phase in accordance with Aristocrat's proposal as discussed above.  If necessary, the Court will schedule a follow-up case management conference.  Accordingly,

      **IT IS HEREBY ORDERED** that the parties shall submit a proposed case management order to the Court within fourteen (14) days of the date of this Order unless the time is extended by stipulation of the parties or order of the Court.  The Court will schedule a further case management upon request of either or both parties,.

      DATED this 8th day of February, 2016.

*/s/ George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge