JEFF SILVESTRI, ESQ
Nevada Bar No. 5779
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873.4100
Facsimile: (702) 873-9966
E-mail: jsilvestri@mcdonaldcarano.com

DANIEL C. TAYLOR, ESQ. (*pro hac vice*)
BARTLIT BECK HERMAN
   PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
E-mail: daniel.taylor@bartlit-beck.com

ADAM K. MORTARA, ESQ. (*pro hac vice*)
BRIAN C. SWANSON, ESQ. (*pro hac vice*)
JASON L. PELTZ, ESQ. (*pro hac vice*)
REID M. BOLTON, ESQ. (*pro hac vice*)
BARTLIT BECK HERMAN
   PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
E-mail: adam.mortara@bartlit-beck.com
          brian.swanson@bartlit-beck.com
          jason.peltz@bartlit-beck.com
          reid.bolton@bartlit-beck.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IGT,<br><br>          Plaintiff,<br><br>     v.<br><br>ARISTOCRAT TECHNOLOGIES, INC.,<br><br>          Defendant. | Civil Case No.: 2:15-cv-00473-GMN-GWF<br><br>**JOINT STIPULATION ALLOWING IGT TO FILE A CORRECTED ANSWER MAKING TYPOGRAPHICAL CORRECTIONS** |
| ARISTOCRAT TECHNOLOGIES, INC.,<br>ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., and<br>ARISTOCRAT INTERNATIONAL PTY LTD.,<br><br>          Counterclaim Plaintiffs,<br><br>     v.<br><br>IGT,<br><br>          Counterclaim Defendant. | |

Plaintiff-Counterclaim Defendant IGT, Defendant-Counterclaim Plaintiff Aristocrat Technologies, Inc. ("ATI"), and Counterclaim Plaintiffs Aristocrat Technologies Australia Pty Ltd ("ATA") and Aristocrat International Pty Ltd. ("AI") (ATI, ATA, and AI collectively, "Aristocrat") (IGT and Aristocrat collectively, the "Parties"), by and through their respective counsel, hereby agree and stipulate as follows:

      1.  On January 28, 2016, Plaintiff IGT filed its Answer to Defendant-Counterclaim Plaintiff Aristocrat's Counterclaims.

      2.  On February 11, 2016, counsel to IGT requested Aristocrat's consent to file a corrected Answer making certain typographical corrections to its Answer.  A copy of the Corrected Answer, which corrects the typographical errors in the previous filing, is attached to this stipulation as Exhibit A.

      3.  On February 12, 2016, counsel to Aristocrat agreed that IGT could file a corrected Answer correcting the typos in its earlier filing.

      WHEREFORE, the Parties respectfully request that this Court approve this stipulation allowing IGT to file its Corrected Answer making typographical corrections.

**IT IS SO ORDERED.**

_____

**UNITED STATES DISTRICT COURT JUDGE**

**DATED:**_____February 17, 2016_____

1    Dated this 16th day of February, 2016.

2    For IGT:                                        For Aristocrat:

3

4    MCDONALD CARANO WILSON LLP                      SANTORO WHITMIRE, LTD.

5

      */s/ Reid M. Bolton*                            */s/ Peter A. Swanson*
6    ─────────────────────────────                   ─────────────────────────────
      JEFF SILVESTRI, ESQ (#5779)                     NICHOLAS J. SANTORO, ESQ (#532)
7    MCDONALD CARANO WILSON LLP                       SANTORO WHITMIRE, LTD.
      2300 W. Sahara Avenue, Suite 1200               10100 W. Charleston Blvd., Suite 250
8    Las Vegas, Nevada  89102                         Las Vegas, Nevada  89135
      Telephone:  (702) 873-4100                      Telephone:  (702) 948-8771
9    Facsimile:  (702) 873-9966                       Facsimile:  (702) 948-8773
      E-mail:  jsilvestri@mcdonaldcarano.com          E-mail:  nsantoro@santoronevada.com
10

11   ADAM K. MORTARA, ESQ. (*pro hac vice*)           ROBERT T. HASLAM , ESQ. (*pro hac vice*)
      BRIAN C. SWANSON, ESQ. (*pro hac vice*)         COVINGTON & BURLING LLP
12   JASON L. PELTZ, ESQ. (*pro hac vice*)            333 Twin Dolphin Drive, Suite 700
      REID M. BOLTON, ESQ. (*pro hac vice*)           Redwood Shores, CA 94065
13   BARTLIT BECK HERMAN                              Telephone:  (650) 632-4700
        PALENCHAR & SCOTT LLP                         Facsimile:  (650) 632-4800
14   54 West Hubbard Street, Suite 300                E-mail:  rhaslam@cov.com
      Chicago, IL 60654
15   Telephone:  (312) 494-4400
      Facsimile:  (312) 494-4440                      GARY M. RUBMAN, ESQ (*pro hac vice*)
16   E-mail:  adam.mortara@bartlit-beck.com           PETER A. SWANSON, ESQ.  (*pro hac vice*)
              brian.swanson@bartlit-beck.com          COVINGTON & BURLING LLP
17            jason.peltz@bartlit-beck.com            One CityCenter, 850 Tenth Street, NW
              reid.bolton@bartlit-beck.com            Washington, DC 20001
18                                                    Telephone:  (202) 662-6000
                                                      Facsimile:  (202) 662-6291
19   DANIEL C. TAYLOR, ESQ. (*pro hac vice*)          E-mail:  grubman@cov.com, pswanson@cov.com
      BARTLIT BECK HERMAN
20      PALENCHAR & SCOTT LLP
      1899 Wynkoop Street, 8th Floor
21   Denver, CO 80202
      Telephone:  (303) 592-3100
22   Facsimile:  (303) 592-3140
      E-mail:  daniel.taylor@bartlit-beck.com
23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2016, I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing JOINT STIPULATION ALLOWING IGT TO FILE A CORRECTED ANSWER MAKING TYPOGRAPHICAL CORRECTIONS, postage prepaid (if U.S. Mail) and addressed to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

                    */s/ Reid M. Bolton*
                    Reid M. Bolton

# EXHIBIT 1

1   JEFF SILVESTRI, ESQ.
    Nevada Bar No. 5779
2   McDONALD CARANO WILSON LLP
    2300 West Sahara Avenue, Suite 1200
3   Las Vegas, NV 89102
    Telephone: 702.873.4100
4   Facsimile: 702.873.9966
    E-mail: jsilvestri@mcdonaldcarano.com
5
    DANIEL C. TAYLOR, ESQ. (*pro hac vice*)
6   BARTLIT BECK HERMAN
      PALENCHAR & SCOTT LLP
7   1899 Wynkoop Street, 8th Floor
    Denver, CO 80202
8   Telephone: 303.592.3100
    Facsimile: 303.591.3140
9   E-mail: daniel.taylor@bartlit-beck.com

    ADAM K. MORTARA, ESQ. (*pro hac vice*)
    BRIAN C. SWANSON, ESQ. (*pro hac vice*)
    JASON L. PELTZ, ESQ. (*pro hac vice*)
    REID M. BOLTON, ESQ. (*pro hac vice*)
    BARTLIT BECK HERMAN
      PALENCHAR & SCOTT LLP
    54 West Hubbard Street, Suite 300
    Chicago, IL 60654
    Telephone: 312.494.4400
    Facsimile: 312.494.4440
    E-mail: adam.mortara@bartlit-beck.com
            brian.swanson@bartlit-beck.com
            jason.peltz@bartlit-beck.com
            reid.bolton@bartlit-beck.com

10  *Attorneys for Plaintiff and Counterclaim Defendant IGT*

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

12

13

14 | IGT,                                    CASE NO. 2:15-cv-00473-GMN-GWF

15 |            Plaintiff,

16 | v.                                      **IGT'S CORRECTED ANSWER AND
                                            COUNTERCLAIMS TO ARISTOCRAT
17 | ARISTOCRAT TECHNOLOGIES, INC.,         TECHNOLOGIES, INC.'S, ARISTOCRAT
                                            TECHNOLOGIES AUSTRALIA PTY.
18 |            Defendant.                   LTD.'S AND ARISTOCRAT
                                            INTERNATIONAL PTY. LTD.'S
19 | _____          COUNTERCLAIMS TO PLAINTIFF IGT'S
                                            REVISED SECOND AMENDED
20 | ARISTOCRAT TECHNOLOGIES, INC.,         COMPLAINT FOR PATENT
                                            INFRINGEMENT**
21 | ARISTOCRAT TECHNOLOGIES
    AUSTRALIA PTY. LTD., and               JURY TRIAL DEMANDED
22 | ARISTOCRAT INTERNATIONAL PTY. LTD.,

23 |            Counterclaim Plaintiffs,

24 | v.

25 | IGT,

26 |            Counterclaim Defendant.

27

28

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · SUITE 1200 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

IGT submits this Answer to the Counterclaims filed by Aristocrat Technologies, Inc. ("ATI") Aristocrat Technologies Australia Pty. Ltd. ("ATA"), and Aristocrat International Pty. Ltd. ("AI") (collectively "Aristocrat"). IGT denies the allegations in the Counterclaims to the extent such allegations are not expressly admitted in the following paragraphs.

1.     IGT admits the allegations of Paragraph 1.

2.     IGT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis denies them.

3.     IGT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis denies them.

4.     IGT admits that ATA and AI are not parties to ATI's Answer to IGT's Complaint, to ATI's Counterclaims of declaratory judgment, or to ATI's patent infringement Counterclaims based on patents assigned to ATI. IGT further admits that ATA and AI joined ATI to jointly file counterclaims for patent infringement regarding U.S. Patent Nos. 8,408,989, 8,038,524, 8,465,357, 7,326,113, 8,298,064, and 8,591,316. IGT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and on that basis denies them.

5.     IGT admits that it is a Nevada corporation with its principal place of business located at 6355 South Buffalo Drive, Las Vegas, Nevada 89113, and that it manufactures, uses, offers to sell, and sells gaming machines, systems, and supporting software. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 5.

**JURISDICTION AND VENUE**

6.     Paragraph 6 states legal conclusions for which no response is required. To the extent an answer is required, IGT admits that this Court has subject matter jurisdiction over the counterclaims alleging patent infringement (Counts XXII – XXXII) and the counterclaims seeking declaratory judgment (Counts I – XXI) but denies that any legal or factual basis exists for any of those counterclaims or that Aristocrat is entitled to any relief whatsoever from IGT or from this Court. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 6.

7.     Paragraph 7 states a legal conclusion for which no response is required. To the extent an answer is required, IGT consents to the personal jurisdiction of this Court for this action only.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

8.      Paragraph 8 states a legal conclusion for which no response is required.  To the extent an answer is required, IGT does not contest that venue is proper in this District.

## BACKGROUND FACTS

9.      IGT admits the allegations of Paragraph 9.

10.     IGT admits the allegations of Paragraph 10.

11.     IGT admits the allegations of Paragraph 11.

12.     IGT admits the allegations of Paragraph 12.

13.     IGT admits the allegations of Paragraph 13

14.     IGT admits that it has accused ATI of infringing one or more claims of the '908, '827, '902, '334, '189, '951, '570, '675, '469, '701, '380, '532, '867, '206, '444, '549, '261, '110, '709, '519, and '156 patents.  Paragraph 14 otherwise states legal conclusions for which no response is required.

15.     Paragraph 15 states a legal conclusion for which no response is required.

## COUNT I

### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,131,908)

16.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-15 of the Counterclaims.

17.     IGT denies the allegations of Paragraph 17.

18.     IGT denies the allegations of Paragraph 18.

## COUNT II

### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,513,827)

19.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-18 of the Counterclaims.

20.     IGT denies the allegations of Paragraph 20.

21.     IGT denies the allegations of Paragraph 21.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

## COUNT III

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,394,902)**

22.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-21 of the Counterclaims.

23.    IGT denies the allegations of Paragraph 23.

24.    IGT denies the allegations of Paragraph 24.

## COUNT IV

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,384,334)**

25.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-24 of the Counterclaims.

26.    IGT denies the allegations of Paragraph 26.

27.    IGT denies the allegations of Paragraph 27.

## COUNT V

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,753,189)**

28.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-27 of the Counterclaims.

29.    IGT denies the allegations of Paragraph 29.

30.    IGT denies the allegations of Paragraph 30.

## COUNT VI

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. D503,951)**

31.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-30 of the Counterclaims.

32.    IGT denies the allegations of Paragraph 32.

33.    IGT denies the allegations of Paragraph 33.

## COUNT VII

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,375,570)**

34.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-33 of the Counterclaims.

1   35.   IGT denies the allegations of Paragraph 35.

2   36.   IGT denies the allegations of Paragraph 36.

3   **COUNT VIII**

4   **(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,702,675)**

5   37.   IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs

6   1-36 of the Counterclaims.

7   38.   IGT denies the allegations of Paragraph 38.

8   39.   IGT denies the allegations of Paragraph 39.

9   **COUNT IX**

10   **(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,303,469)**

11   40.   IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs

12   1-39 of the Counterclaims.

13   41.   IGT denies the allegations of Paragraph 41.

14   42.   IGT denies the allegations of Paragraph 42.

15   **COUNT X**

16   **(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,932,701)**

17   43.   IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs

18   1-42 of the Counterclaims.

19   44.   IGT denies the allegations of Paragraph 44.

20   45.   IGT denies the allegations of Paragraph 45.

21   **COUNT XI**

22   **(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,506,380)**

23   46.   IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs

24   1-45 of the Counterclaims.

25   47.   IGT denies the allegations of Paragraph 47.

26   48.   IGT denies the allegations of Paragraph 48.

27

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

5

## COUNT XII

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,913,532)**

49.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-48 of the Counterclaims.

50.     IGT denies the allegations of Paragraph 50.

51.     IGT denies the allegations of Paragraph 51.

## COUNT XIII

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,331,867)**

52.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-51 of the Counterclaims

53.     IGT denies the allegations of Paragraph 53.

54.     IGT denies the allegations of Paragraph 54.

## COUNT XIV

**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,927,206)**

55.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-54 of the Counterclaims.

56.     IGT denies the allegations of Paragraph 56.

57.     IGT denies the allegations of Paragraph 57.

## COUNT XV

**(DECLARATORY JUDGMENT OF THE INVALIDITY OF U.S. PATENT NO. 8,246,444)**

58.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-57 of the Counterclaims.

59.     IGT denies the allegations of Paragraph 59.

60.     IGT denies the allegations of Paragraph 60.

## COUNT XVI

**(DECLARATORY JUDGMENT OF THE INVALIDITY OF U.S. PATENT NO. 7,988,549)**

61.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-60 of the Counterclaims.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

62.     IGT denies the allegations of Paragraph 62.

63.     IGT denies the allegations of Paragraph 63.

## COUNT XVII

### (DECLARATORY JUDGMENT OF THE INVALIDITY OF U.S. PATENT NO. 8,475,261)

64.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-63 of the Counterclaims.

65.     IGT denies the allegations of Paragraph 65.

66.     IGT denies the allegations of Paragraph 66.

## COUNT XVIII

### (DECLARATORY JUDGMENT OF THE INVALIDITY OF U.S. PATENT NO. 7,238,110)

67.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-66 of the Counterclaims.

68.     IGT denies the allegations of Paragraph 68.

69.     IGT denies the allegations of Paragraph 69.

## COUNT XIX

### (DECLARATORY JUDGMENT OF THE INVALIDITY OF U.S. PATENT NO. 7,481,709)

70.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-69 of the Counterclaims.

71.     IGT denies the allegations of Paragraph 71.

72.     IGT denies the allegations of Paragraph 72.

## COUNT XX

### (DECLARATORY JUDGMENT OF THE INVALIDITY OF U.S. PATENT NO. 8,801,519)

73.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-72 of the Counterclaims.

74.     IGT denies the allegations of Paragraph 74.

75.     IGT denies the allegations of Paragraph 75.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

<u>**COUNT XXI**</u>

**(DECLARATORY JUDGMENT OF THE INVALIDITY OF U.S. PATENT NO. 9,105,156)**

76.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-75 of the Counterclaims.

77.     IGT denies the allegations of Paragraph 77.

78.     IGT denies the allegations of Paragraph 78.

<u>**COUNT XXII**</u>

**(INFRINGEMENT OF U.S. PATENT NO. 8,408,989)**

79.     IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-78 of the Counterclaims.

80.     Paragraph 80 states a legal conclusion for which no response is required.  To the extent an answer is required, IGT admits that U.S. Patent No. 8,408,989 (the "'989 patent") says on its face that it issued on April 2, 2013, and that it is entitled "Gaming System and a Method of Gaming with Random Bonus Game Selection."  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 80.

81.     IGT admits that Exhibit 1 to ATI's Answer purports to be a true and correct copy of the '989 patent.  IGT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and on that basis denies them.

82.     IGT denies the allegations of Paragraph 82.

83.     IGT denies the allegations of Paragraph 83.

84.     IGT admits that it has had knowledge of the '989 patent since the date ATI filed its Counterclaims.

85.     Paragraph 85 states legal conclusions for which no response is required.  To the extent an answer is required, IGT admits that PCT/AU99/01059 has been cited in applications for patents that were assigned to IGT.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 85.

86.     IGT admits that *The Hangover™ Pretty Awesome Video Slots*, *The Beverly Hillbillies® Millionaire Mile™ Video Slots*, *Bridesmaids™ Slots*, *Ghostbusters™ Video Reel*, *James*

8

*Cameron's AVATAR™ Treasures of Pandora Video Slots*, *Sex and the City™ MultiPLAY Video Reel*, *Sex and the City™ Platinum Multi-Level Progressives Video Slots*, *American Idol® Encore*, *Family Guy™ Video Slots, Jurassic Park™ – Video Slot, Venture to Never Isle® – Video Slot,* and *Entourage™ Video Slots* are IGT gaming machines.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 86.

87.    IGT admits that it provides *The Hangover™ Pretty Awesome Video Slots*, *The Beverly Hillbillies® Millionaire Mile™ Video Slots*, *Bridesmaids™ Slots*, *Ghostbusters™ Video Reel*, *James Cameron's AVATAR™ Treasures of Pandora Video Slots*, *Sex and the City™ MultiPLAY Video Reel*, *Sex and the City™ Platinum Multi-Level Progressives Video Slots*, *American Idol® Encore, Family Guy™ Video Slots, Jurassic Park™ – Video Slot, Venture to Never Isle® – Video Slot,* and *Entourage™ Video Slots* to casinos with the intent that those gaming machines be operated and used, and that IGT services and maintains those gaming machines.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 87.

88.    IGT admits that certain of its marketing materials, including certain promotional videos, for *The Hangover™ Pretty Awesome Video Slots*, *The Beverly Hillbillies® Millionaire Mile™ Video Slots*, *Bridesmaids™ Slots*, *Ghostbusters™ Video Reel*, *James Cameron's AVATAR™ Treasures of Pandora Video Slots*, *Sex and the City™ MultiPLAY Video Reel*, *Sex and the City™ Platinum Multi-Level Progressives Video Slots*, *American Idol® Encore*, *Family Guy™ Video Slots, Jurassic Park™ – Video Slot, Venture to Never Isle® – Video Slot,* and *Entourage™ Video Slots* include a description of the products' bonus features.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 88.

89.    IGT denies the allegations of Paragraph 89.

90.    IGT denies the allegations of Paragraph 90.

91.    IGT denies the allegations of Paragraph 91.

## COUNT XXIII

### (INFRINGEMENT OF U.S. PATENT NO. 8,038,524)

92.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-91 of the Counterclaims.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

93.     Paragraph 93 states a legal conclusion for which no response is required.  To the extent an answer is required, IGT admits that U.S. Patent No. 8,038,524 (the "'524 patent") says on its face that it issued on October 18, 2011, and that it is entitled "Gaming Machine with Buy Feature Games."  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 93.

94.     IGT admits that Exhibit 2 to ATI's Answer purports to be a true and correct copy of the '524 patent.  IGT admits that an Ex Parte Reexamination Certificate issued on February 20, 2013.  IGT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and on that basis denies them.

95.     IGT denies the allegations of Paragraph 95.

96.     IGT denies the allegations in Paragraph 96.

97.     IGT admits that it has had knowledge of the '524 patent since the date ATI filed its Counterclaims.

98.     Paragraph 98 states legal conclusions regarding priority of the '524 patent, the '847 patent, and the PCT '997 application to which no response is required.  To the extent an answer is required, IGT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  IGT admits that ATA brought litigation against non-party IGT (Australia) Pty. Ltd. alleging infringement of Australian Patent No. 771847 ("'847 patent").  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 98.

99.     IGT admits that *The Ellen DeGeneres Show™ Featuring Ellen's Dance Party Video Slots*, *The Ellen DeGeneres Show™ featuring 12 Days of Giveaways Video Slots*, *Lucky Larry's Lobstermania 2™* , *Fishing Bob®*, *Ca$h Ca$h Ca$h® Hot Roll with Hardway Pays*, *Fairy Ring®*, *Gazillionaire®*, *Zillion Gators™*, *Firehouse Hounds®*, *Reel Fun featuring Cash Coaster®*, *Wheel of Fortune Jackpot Paradise™*, *Wheel of Fortune® Ultra 5 Reels*, *Wheel of Fortune® Big Money*, *Entourage™ Video Slots*, *Sex and the City™ MultiPLAY Video Reel*, *Sex and the City™ Platinum Multi-Level Progressives Video Slots*, *Candy Bars®*, *Pan Pan®*, *Takes the Cake!®*, *Ghostbusters™ Video Reel, The Hangover™ Video Slots, The Hangover™ Pretty Awesome Video Slots*, *Bridesmaids™ Slots, The Beverly Hillbillies® Millionaire Mile™ Video Slots*, *Family Guy™ Video*

*Slots, Jurassic Park*™ *– Video Slot, Venture to Never Isle*® *– Video Slot* and *tokidoki* are IGT

gaming machines.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 99.

100.    IGT admits that it provides *The Ellen DeGeneres Show*™ *Featuring Ellen's Dance*

*Party Video Slots*, *The Ellen DeGeneres Show*™ *featuring 12 Days of Giveaways Video Slots*, *Lucky*

*Larry's Lobstermania 2*™ , *Fishing Bob*®, *Ca$h Ca$h Ca$h*® *Hot Roll with Hardway Pays*, *Fairy*

*Ring*®, *Gazillionaire*®, *Zillion Gators*™, *Firehouse Hounds*®, *Reel Fun featuring Cash Coaster*®,

*Wheel of Fortune Jackpot Paradise*™, *Wheel of Fortune*® *Ultra 5 Reels*, *Wheel of Fortune*® *Big*

*Money*, *Entourage*™  *Video Slots*, *Sex and the City*™ *MultiPLAY Video Reel*, *Sex and the City*™

*Platinum Multi-Level Progressives Video Slots*, *Candy Bars*®, *Pan Pan*®, *Takes the Cake!*®,

*Ghostbusters*™ *Video Reel*, *The Hangover*™ *Video Slots*, *The Hangover*™ *Pretty Awesome Video*

*Slots*, *Bridesmaids*™ *Slots*, *The Beverly Hillbillies*® *Millionaire Mile*™ *Video Slots*, *Family Guy*™

*Video Slots, Jurassic Park*™ *– Video Slot, Venture to Never Isle*® *– Video Slot* and *tokidoki* to

casinos with the intent that those gaming machines be operated and used, and that IGT services and

maintains those gaming machines.  Except as explicitly admitted, IGT denies the allegations of

Paragraph 100.

101.    IGT denies the allegations of Paragraph 101.

102.    Paragraph 102 states legal conclusions regarding priority of the '524 patent, the '847

patent, and the PCT '997 application to which no response is required.  To the extent an answer is

required, IGT lacks knowledge or information sufficient to form a belief as to the truth of the

allegations and on that basis denies them.  IGT admits that ATA brought litigation against non-party

IGT (Australia) Pty. Ltd. alleging infringement of Australian Patent No. 771847 ("'847 patent").

Except as explicitly admitted herein, IGT denies the allegations of Paragraph 102.

103.    IGT denies the allegations of Paragraph 103.

104.    IGT denies the allegations of Paragraph 104.

105.    IGT denies the allegations of Paragraph 105.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · SUITE 1200 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

## COUNT XXIV

### (INFRINGEMENT OF U.S. PATENT NO. 8,465,357)

106. IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-105 of the Counterclaims.

107. IGT admits that U.S. Patent No. 8,465,357 (the "'357 patent") says on its face that it issued on June 18, 2013, and that it is entitled "Gaming Machine with Buy Feature Games." Except as explicitly admitted herein, IGT denies the allegations of Paragraph 107.

108. IGT admits that Exhibit 3 to ATI's Answer purports to be a true and correct copy of the '357 patent. IGT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 and on that basis denies them.

109. IGT denies the allegations of Paragraph 109.

110. IGT denies the allegations of Paragraph 110.

111. IGT admits that it has had knowledge of the '357 patent since the date ATI filed its Counterclaims.

112. Paragraph 112 states legal conclusions regarding priority of the '357 patent, the '847 patent, and the PCT '997 application to which no response is required. To the extent an answer is required, IGT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them. IGT admits that ATA brought litigation against non-party IGT (Australia) Pty. Ltd. alleging infringement of the '847 patent. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 112.

113. IGT admits that *The Ellen DeGeneres Show™ Featuring Ellen's Dance Party Video Slots*, *The Ellen DeGeneres Show™ featuring 12 Days of Giveaways Video Slots*, *Lucky Larry's Lobstermania 2™*, *Fishing Bob*®, *White Orchid*®, *Treasures of Troy*®, *Black Orchid*®, *Game of the Gods*™, *Matterhorn*®, *Southern Belle*®, *Twin Warriors*®, *Tibetan Treasures*™, *Tully's Treasure Hunt*®, and *tokidoki* are IGT gaming machines. Except as explicitly admitted, IGT denies the allegations of Paragraph 113.

114. IGT admits that it provides *The Ellen DeGeneres Show™ Featuring Ellen's Dance Party Video Slots*, *The Ellen DeGeneres Show™ featuring 12 Days of Giveaways Video Slots*, and

12

*Lucky Larry's Lobstermania 2™, Fishing Bob®, White Orchid®, Treasures of Troy®, Black*

*Orchid®, Game of the Gods™, Matterhorn®, Southern Belle®, Twin Warriors®, Tibetan*

*Treasures™, Tully's Treasure Hunt®*, and *tokidoki* to casinos with the intent that those gaming

machines be operated and used, and that IGT services and maintains those gaming machines.

Except as explicitly admitted, IGT denies the allegations of Paragraph 114.

115.    IGT denies the allegations of Paragraph 115.

116.    Paragraph 116 states legal conclusions regarding priority of the '357 patent, the '847

patent, and the PCT '997 application to which no response is required.  To the extent an answer is

required, IGT lacks knowledge or information sufficient to form a belief as to the truth of the

allegations and on that basis denies them.  IGT admits that ATA brought litigation against non-party

IGT (Australia) Pty Ltd. alleging infringement of the '847 patent.  Except as explicitly admitted

herein, IGT denies the allegations of Paragraph 116.

117.    IGT denies the allegations of Paragraph 117.

118.    IGT denies the allegations of Paragraph 118.

119.    IGT denies the allegations of Paragraph 119.

## COUNT XXV

## (INFRINGEMENT OF U.S. PATENT NO. 7,704,143)

120.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs

1-119 of the Counterclaims.

121.    IGT admits that U.S. Patent No. 7,704,143 (the "'143 patent") says on its face that it

issued on April 27, 2010, and that it is entitled "Apparatus and Method for a Cashless Actuated

Gaming System."  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 121.

122.    IGT admits that Exhibit 4 to ATI's Answer purports to be a true and correct copy of

the '143 patent.  IGT lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 109 and on that basis denies them.

123.    IGT admits that it manufactures and sells gaming machines, systems, and supporting

software that communicate using G2S protocol, and that IGT installs, tests, and maintains such

systems.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 123.

13

124. IGT admits that it manufactures and sells gaming machines, systems, and supporting software that communicate using SAS protocol, and that IGT installs, tests, and maintains such systems. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 124.

125. IGT denies the allegations of Paragraph 125.

126. IGT admits that it has had knowledge of the '143 patent since the date ATI filed its Counterclaims.

127. IGT denies the allegations of Paragraph 127.

128. IGT admits that it provides gaming machines and systems that utilize IGT's ticket-in-ticket-out ("TITO") technology to casinos with the intent that these products be used and operated, and that IGT designs certain IGT gaming machines and systems to accept, recognize, and dispense tickets. IGT admits that it services and maintains gaming machines and systems that utilize IGT's TITO technology in order to facilitate their further operation and use. IGT denies that any of its gaming machines or systems that utilize IGT's TITO technology infringe any claim of the '143 patent, or that IGT intends to cause direct infringement of the '143 patent. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 128.

129. IGT admits that the website http://www.igt.com/us-en/systems/sbx.aspx states that sbX Casino Solutions provide "Industry Leading Game Management" and that the website http://www.igt.com/support/sas-protocol.aspx states that "SAS has become the de-facto casino communications standard because of its availability to all manufacturers in the industry." IGT admits that version 2.2 of the IGT Standard Voucher Layout document can be obtained at http://media.igt.com/support/IGTStandardVoucherLayout_v2-2.pdf. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 129.

130. IGT denies the allegations of Paragraph 130.

131. IGT denies the allegations of Paragraph 131.

132. IGT denies the allegations of Paragraph 132.

## COUNT XXVI

### (INFRINGEMENT OF U.S. PATENT NO. 6,896,619)

133.   IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-132 of the Counterclaims.

134.   IGT admits that U.S. Patent No. 6,896,619 (the "'619 patent") says on its face that it issued on May 24, 2005, and that it is entitled "Apparatus and Method for a Cashless Actuated Gaming System."  IGT denies the remaining allegations of Paragraph 134.

135.   IGT admits that Exhibit 5 to ATI's Answer purports to be a true and correct copy of the '619 patent.  IGT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 135 and on that basis denies them.

136.   IGT admits that it manufactures and sells gaming machines, systems, and supporting software that communicate using G2S protocol, and that IGT installs, tests, and maintains such systems.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 136.

137.   IGT admits that it manufactures and sells gaming machines, systems, and supporting software that communicate using SAS protocol, and that IGT installs, tests, and maintains such systems.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 137.

138.   IGT denies the allegations of Paragraph 138.

139.   IGT admits that it has had knowledge of the '619 patent since the filing of ATI's Counterclaims.

140.   IGT denies the allegations Paragraph 140.

141.   IGT admits that it provides gaming machines and systems that utilize IGT's TITO technology to casinos with the intent that these products be used and operated, and that IGT designs certain IGT gaming machines and systems to accept, recognize, and dispense tickets.  IGT admits that it services and maintains gaming machines and systems that utilized IGT's TITO technology in order to facilitate their further operation and use.  IGT denies that any of its gaming machines or systems that utilize IGT's TITO technology infringe any claims of the '619 patent, or that IGT intends to cause direct infringement of the '619 patent.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 141.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1     142.    IGT admits that the website http://www.igt.com/us-en/systems/sbx.aspx states that

2    sbX Casino Solutions provide "Industry Leading Game Management" and that the website

3    http://www.igt.com/support/sas-protocol.aspx states that "SAS has become the de-facto casino

4    communications standard because of its availability to all manufacturers in the industry."  IGT

5    admits that version 2.2 of the IGT Standard Voucher Layout document can be obtained at

6    http://media.igt.com/support/IGTStandardVoucherLayout_v2-2.pdf.  Except as explicitly admitted

7    herein, IGT denies the allegations of Paragraph 142.

8     143.    IGT denies the allegations of Paragraph 143.

9     144.    IGT denies the allegations of Paragraph 144.

10     145.    IGT denies the allegations of Paragraph 145.

## COUNT XXVII

### (INFRINGEMENT OF U.S. PATENT NO. 7,326,113)

13     146.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs

14    1-145 of the Counterclaims.

15     147.    IGT admits that U.S. Patent No. 7,326,113 (the "'113 patent") says on its face that it

16    issued on February 5, 2008, and that it is entitled "Gaming Machine with a Fixed Wild Symbol."

17    Except as explicitly admitted herein, IGT denies the allegations of Paragraph 146.

18     148.    IGT admits that Exhibit 6 to ATI's Answer purports to be a true and correct copy of

19    the '113 patent.  IGT lacks knowledge or information sufficient to form a belief as to the truth of the

20    remaining allegations contained in Paragraph 148 and on that basis denies them.

21     149.    IGT denies the allegations of Paragraph 149.

22     150.    IGT denies the allegations of Paragraph 150.

23     151.    IGT admits that it has had knowledge of the '113 patent since the date ATI filed its

24    Counterclaims.

25     152.    IGT admits that the '113 patent was cited during the prosecution of U.S. Patent No.

26    7,699,696.  Except as explicitly admitted, IGT denies the allegations of Paragraph 152.

27     153.    IGT admits that *Ghostbusters™ Video Reel*, *The Hangover™ Video Slots*, *Sex and*

28    *the City™ Video Slots*, *Tales of Hercules™ Video Slots*, *Sex and the City™ Platinum Multi-Level*

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

16

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1  *Progressives Video Slots*, *The Beverly Hillbillies® Millionaire Mile™ Video Slots*, *Jurassic Park™*

2  *– Video Slot*, *Midnight Eclipse®*, *Ocean Pearl®*, *Wild's Gone Wild®*, *Shambala®*, and *Dragon's*

3  *Gate®* are IGT gaming machines.  Except as explicitly admitted herein, IGT denies the allegations of

4  Paragraph 153.

5      154.   IGT admits that it provides *Ghostbusters™ Video Reel*, *The Hangover™ Video Slots*,

6  *Sex and the City™ Video Slots*, *Tales of Hercules™ Video Slots, Sex and the City™ Platinum Multi-*

7  *Level Progressives Video Slots*, *The Beverly Hillbillies® Millionaire Mile™ Video Slots*, *Jurassic*

8  *Park™ – Video Slot*, *Midnight Eclipse®*, *Ocean Pearl®*, *Wild's Gone Wild®*, *Shambala®*, and

9  *Dragon's Gate®* gaming machines to casinos with the intent that those gaming machines be operated

10  and used, and that IGT services and maintains those gaming machines.  Except as explicitly admitted

11  herein, IGT denies the allegations of Paragraph 154.

12      155.   IGT admits that the video at http://www.igt.com/us-en/games/game-

13  page.aspx?type_id=8375&showtab=1 shows a demonstration of IGT's *Ghostbusters™ Video Reel*,

14  but denies that it shows or describes any fixed wild symbol disclosed in or claimed by the '113

15  patent.  IGT admits that the website http://www.igt.com/do-en/games/game-

16  page.aspx?type_id=8974&showtab=1 includes a partial description of IGT's *Tales of Hercules™*

17  *Video Slots*, but denies that it shows or describes any fixed wild symbol disclosed in or claimed by

18  the '113 patent.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 155.

19      156.   IGT denies the allegations of Paragraph 156.

20      157.   IGT denies the allegations of Paragraph 157.

21      158.   IGT denies the allegations of Paragraph 158.

22                          **COUNT XXVIII**

23              **(INFRINGEMENT OF U.S. PATENT NO. 8,298,064)**

24      159.   IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs

25  1-158 of the Counterclaims.

26      160.   IGT admits that U.S. Patent No. 8,298,064 (the "'064 patent") says on its face that it

27  issued on October 30, 2012, and that it is entitled "Gaming Machine with a Fixed Wild Symbol."

28  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 160.

1    161.    IGT admits that Exhibit 7 to ATI's Answer purports to be a true and correct copy of

2    the '064 patent.  IGT lacks knowledge or information sufficient to form a belief as to the truth of the

3    remaining allegations contained in Paragraph 161 and on that basis denies them.

4    162.    IGT denies the allegations of Paragraph 162.

5    163.    IGT denies the allegations of Paragraph 163.

6    164.    IGT admits that it has had knowledge of the '064 patent since the date ATI filed its

7    Counterclaims.

8    165.    IGT admits that *Ghostbusters™ Video Reel*, *The Hangover™ Video Slots*, *Sex and*

9    *the City™ Video Slots*, *Tales of Hercules™ Video Slots, Sex and the City™ Platinum Multi-Level*

10   *Progressives Video Slots*, *The Beverly Hillbillies® Millionaire Mile™ Video Slots*, *Jurassic Park™*

11   *– Video Slot*, *Midnight Eclipse®*, *Ocean Pearl®*, *Wild's Gone Wild®*, *Shambala®*, and *Dragon's*

12   *Gate®* are IGT gaming machines.  Except as explicitly admitted herein, IGT denies the allegations of

13   Paragraph 165.

14   166.    IGT admits that it provides *Ghostbusters™ Video Reel*, *The Hangover™ Video Slots*,

15   *Sex and the City™ Video Slots*, *Tales of Hercules™ Video Slots, Sex and the City™ Platinum Multi-*

16   *Level Progressives Video Slots*, *The Beverly Hillbillies® Millionaire Mile™ Video Slots*, *Jurrasic*

17   *Park™  – Video Slot*, *Midnight Eclipse®*, *Ocean Pearl®*, *Wild's Gone Wild®*, *Shambala®*, and

18   *Dragon's Gate®* to casinos with the intent that those gaming machines be used and operated, and that

19   IGT services and maintains those gaming machines.  Except as explicitly admitted herein, IGT

20   denies the allegations of Paragraph 166.

21   167.    IGT admits that the video at http://www.igt.com/us-en/games/game-

22   page.aspx?type_id=8375&showtab=1 shows a demonstration of IGT's *Ghostbusters™ Video Reel*,

23   but denies that it shows or describes any fixed wild symbol disclosed in or claimed by the '113

24   patent.  IGT admits that the website http://www.igt.com/do-en/games/game-

25   page.aspx?type_id=8974&showtab=1 includes a partial description of IGT's *Tales of Hercules™*

26   *Video Slots*, but denies that it shows or describes any fixed wild symbol disclosed in or claimed by

27   the '113 patent.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 167.

28   168.    IGT denies the allegations of Paragraph 168.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

18

169. IGT denies the allegations of Paragraph 169.

170. IGT denies the allegations of Paragraph 170.

## COUNT XXIX

### (INFRINGEMENT OF U.S. PATENT NO. 8,591,316)

171. IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-170 of the Counterclaims.

172. IGT admits that U.S. Patent No. 8,591,316 (the "'316 patent") says on its face that it issued on November 26, 2013, and that it is entitled "Gaming Machine with Loyalty Bonus." Except as explicitly admitted herein, IGT denies the allegations of Paragraph 172.

173. IGT admits that Exhibit 8 to ATI's Answer purports to be a true and correct copy of the '316 patent. IGT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 173 and on that basis denies them.

174. IGT denies the allegations of Paragraph 174.

175. IGT denies the allegations of Paragraph 175.

176. IGT admits that it has had knowledge of the '316 patent since the date ATI filed its Counterclaims.

177. IGT admits that *James Cameron's Avatar™ Video Slots* is an IGT gaming machine. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 177.

178. IGT admits that it provides *James Cameron's Avatar™ Video Slots* to casinos with the intent that those gaming machines be used and operated, and that IGT services and maintains those gaming machines. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 178.

179. IGT admits that the website http://media.igt.com/marketing/PromotionalLiterature/GamePromoLit_1FFBD-1FC69.pdf includes promotional literature for *James Cameron's Avatar™ Video Slots*. Except as explicitly admitted, IGT denies the allegations of Paragraph 179.

180. IGT denies the allegations of Paragraph 180.

181. IGT denies the allegations of Paragraph 181.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

182. IGT denies the allegations of Paragraph 182.

## COUNT XXX

### (INFRINGEMENT OF U.S. PATENT NO. 6,623,006)

183. IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-182 of the Counterclaims.

184. IGT admits that U.S. Patent No. 6,623,006 (the "'006 patent") says on its face that it issued on September 23, 2003, and that it is entitled "Gaming Machine." Except as expressly admitted herein, IGT denies the allegations of Paragraph 184.

185. IGT admits that Exhibit 9 to ATI's Answer purports to be a true and correct copy of the '006 patent. IGT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 185 and on that basis denies them.

186. IGT denies the allegations of Paragraph 186.

187. IGT denies the allegations of Paragraph 187.

188. IGT admits that it has had knowledge of the '006 patent since November 30, 2015. Except as expressly admitted herein, IGT denies the allegations of Paragraph 188.

189. IGT admits that the '006 accused products identified in paragraph 186 of Aristocrat's Counterclaims are IGT gaming machines. Except as expressly admitted herein, IGT denies the allegations of Paragraph 189.

190. IGT admits that it provides the '006 accused products identified in paragraph 186 of Aristocrat's Counterclaims to casinos with the intent that those gaming machines be used and operated, and that IGT services and maintains those gaming machines. Except as explicitly admitted herein, IGT denies the allegations of Paragraph 190.

191. IGT admits that the promotional materials available at the internet addresses in Paragraph 191 describe IGT's S3000 gaming machine cabinet, and IGT admits that Aristocrat has accurately quoted those promotional materials. IGT denies that the promotional materials show or describe any gaming machine disclosed in or claimed by the '006 patent.

192. IGT denies the allegations of Paragraph 192.

193. IGT denies the allegations of Paragraph 193.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

194.    IGT denies the allegations of Paragraph 194.

## COUNT XXXI

### (INFRINGEMENT OF U.S. PATENT NO. 8,550,896)

195.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-194 of the Counterclaims.

196.    IGT admits that U.S. Patent No. 8,550,896 (the "'896 patent") says on its face that it issued on October 8, 2013, and that it is entitled "Gaming Machine with Special Symbol."  Except as expressly admitted herein, IGT denies the allegations of Paragraph 196.

197.    IGT admits that Exhibit 10 to ATI's Answer purports to be a true and correct copy of the '896 patent.  IGT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 197 and on that basis denies them.

198.    IGT denies the allegations of Paragraph 198.

199.    IGT denies the allegations of Paragraph 199.

200.    IGT admits that it has had knowledge of the '896 patent since November 30, 2015.

201.    IGT admits that the '896 accused products identified in paragraph 198 of Aristocrat's Counterclaims are IGT gaming machines.  Except as expressly admitted herein, IGT denies the allegations of Paragraph 201.

202.    IGT admits that it provides the '896 accused products identified in paragraph 198 of Aristocrat's Counterclaims to casinos with the intent that those gaming machines be used and operated, and that IGT services and maintains those gaming machines.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 202.

203.    IGT admits that the promotional materials available at the internet addresses in Paragraph 203 show a demonstration of IGT's *Brazilia Video Slots* game and describe IGT's *Cats* game.  IGT denies that the promotional materials show or describe any gaming feature disclosed in or claimed by the '896 patent.

204.    IGT denies the allegations of Paragraph 204.

205.    IGT denies the allegations of Paragraph 205.

206.    IGT denies the allegations of Paragraph 206.

21

**COUNT XXXII**

**(INFRINGEMENT OF U.S. PATENT NO. 6,855,052)**

207.    IGT repeats and reasserts its responses to and denials of the allegations of Paragraphs 1-206 of the Counterclaims.

208.    IGT admits that U.S. Patent No. 6,855,052 (the "'052 patent") says on its face that it issued on February 15, 2005, and that it is entitled "Gaming Device Having First Chance Means and Serially Dependent Second Chance Means."  Except as expressly admitted herein, IGT denies the allegations of Paragraph 208.

209.    IGT admits that Exhibit 11 to ATI's Answer purports to be a true and correct copy of the '052 patent.  IGT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 209 and on that basis denies them.

210.    IGT denies the allegations of Paragraph 210.

211.    IGT denies the allegations of Paragraph 211.

212.    IGT admits that it has had knowledge of the '052 patent since November 30, 2015.

213.    IGT admits that the '052 accused products identified in paragraph 210 of Aristocrat's Counterclaims are IGT gaming machines.  Except as expressly admitted herein, IGT denies the allegations of Paragraph 213.

214.    IGT admits that it provides the '052 accused products identified in paragraph 210 of Aristocrat's Counterclaims to casinos with the intent that those gaming machines be used and operated, and that IGT services and maintains those gaming machines.  Except as explicitly admitted herein, IGT denies the allegations of Paragraph 214.

215.    IGT admits that the promotional materials available at the internet addresses in Paragraph 215 describe IGT's *Wheel of Fortune*® *Ultra 3 Reels* and *Wheel of Fortune*® *Ultra 5 Reels* games.  IGT denies that the promotional materials show or describe any gaming feature disclosed in or claimed by the '052 patent.

216.    IGT denies the allegations of Paragraph 216.

217.    IGT denies the allegations of Paragraph 217.

218.    IGT denies the allegations of Paragraph 218.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

## PRAYER FOR RELIEF

Paragraphs (A) through (CC) following the Prayer for Relief each contain a request for relief to which no response is required. To the extent a response is required, IGT denies that Aristocrat is entitled to any relief from IGT in connection with Aristocrat's Counterclaims.

## GENERAL DENIAL

To the extent not expressly admitted above, IGT denies the factual allegations contained in the Counterclaims.

## AFFIRMATIVE DEFENSES

IGT pleads the following as defenses to ATI's Counterclaims. IGT reserves the right to amend its Answer to ATI's Counterclaims to add additional defenses not presented herein, including, but not limited to, those defenses revealed during discovery. Without admitting or acknowledging that IGT bears the burden of proof as to any of the following, based upon information and belief, IGT asserts the following defenses:

### FIRST DEFENSE

IGT is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claims of any of the '989, '524, '357, '143, '619, '113, '064, '316, '006, '896, and '052 patents (collectively, the "Asserted Counterclaim Patents").

### SECOND DEFENSE

One or more of the asserted claims of the Asserted Counterclaim Patents are invalid for failure to comply with the requirements of 35 U.S.C. § 1 *et seq.*, including one or more of §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE

ATI's claim for damages is barred to the extent ATI seeks damages beyond the applicable statute of limitations, 35 U.S.C. § 286.

### FOURTH DEFENSE

ATI's claims of patent infringement are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

23

**FIFTH DEFENSE**

ATI's claims for damages prior to the date of notice to IGT are barred to the extent ATI failed to comply with the requirements of 35 U.S.C. § 287.

**SIXTH DEFENSE**

ATI is barred from challenging the validity of the '570, '675, '469, and '701 patents under the doctrine of assignor estoppel.

## IGT'S FIRST AMENDED COUNTERCLAIMS AGAINST ARISTOCRAT

For its First Amended Counterclaims against Aristocrat Technologies, Inc., Aristocrat Technologies Australia Pty. Ltd., and Aristocrat International Pty. Ltd. (collectively, "Aristocrat"), IGT avers as follows:

1.     Plaintiff IGT is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business located at 6355 South Buffalo Drive, Las Vegas, Nevada 89113.  IGT is a world leader in gaming entertainment and a leading supplier of casino and lottery gaming machines commonly known as slot machines.

2.     Defendant Aristocrat Technologies, Inc. ("ATI") is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business located at 7230 Amigo Street, Las Vegas, Nevada 89119.  Aristocrat sells, leases, and/or operates gaming machines in the casino and lottery markets.  Aristocrat is a subsidiary of Aristocrat Leisure Limited, an Australian corporation.

3.     On information and belief, Defendant Aristocrat Technologies Australia Pty. Ltd. ("ATA") is an Australian corporation with its principal place of business at Building A, Pinnacle Office Park, 85 Epping Road, North Ryde, New South Wales 2113.

4.     On information and belief, Defendant Aristocrat International Pty. Ltd. ("AI") is an Australian corporation with its principal place of business at Building A, Pinnacle Office Park, 85 Epping Road, North Ryde, New South Wales 2113.

## JURISDICTION AND VENUE

5.     These are counterclaims for non-infringement and invalidity arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

U.S.C. §§ 2201 and 2202.  This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  These are also counterclaims for breach of contract and conversion related to Defendant Aristocrat's use of IGT's intellectual property arising under the common law of the state of Nevada.  This Court has supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367.

6.     Aristocrat has accused IGT of infringing one or more claims of U.S. Patent Nos. 8,408,989 (the "'989 patent"), 8,038,524 (the "'524 patent"), 8,465,357 (the "'357 patent"), 7,326,113 (the "'113 patent"), 8,298,064 (the "'064 patent"), 8,591,316 (the "'316 patent"), 6,623,006 (the "'006 patent"), 8,550,896 (the "'896 patent"), and 6,855,052 (the "'052 patent"). There is therefore an actual, justiciable controversy between Aristocrat and IGT relating to the non-infringement and invalidity of the '989, '524, '357, '113, '064, '316, '006, '896, and '052 patents.

7.     Aristocrat has also accused IGT of infringing one or more claims of U.S. Patent Nos. 6,896,619 (the "'619 patent") and 7,704,143 (the "'143 patent").  Those patents were unlawfully obtained through Aristocrat's breach of the Confidential Disclosure Agreement between IGT and Aristocrat executed February 22, 2000 and its conversion of IGT intellectual property.  There is therefore an actual, justiciable controversy between Aristocrat and IGT relating to the inventorship, non-infringement, and validity of the '619 and '143 patents.

8.     ATI, ATA, and AI are each subject to personal jurisdiction in the State of Nevada because, among other things, they have filed counterclaims for infringement in this Court.

9.     Aristocrat has consented to venue in this District by filing counterclaims in a lawsuit currently pending in this District.

## BACKGROUND FACTS

10.    For almost two decades, IGT has been a leading developer of cashless gaming technology for the slot machine industry.

11.    For almost two decades, IGT has licensed its cashless gaming technology, including its "ticket in-ticket out" ("TITO") technology, to other slot machine manufacturers, including Aristocrat.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

12.     In 1999, IGT presented its "EZ-Pay" system, which contained the latest cashless gaming and TITO innovations, to slot manufacturers and casino representatives at the World Gaming Congress & Expo.  These innovations included a version of the "SAS" protocol that allows a gaming machine to accept and print vouchers.

13.     On February 8, 2000, Ali Saffari, IGT's Vice President of Firmware Engineering, wrote a letter to Aristocrat's Vice President of Operations, Mark Lowell, offering to share IGT's "SAS and Netplex printing protocols" and assist Aristocrat's "efforts to integrate the voucher accepting and printing capabilities into [Aristocrat's] machines."  A copy of that letter is attached as Exhibit A.

14.     In order to share its cashless gaming innovations with Aristocrat, IGT requested that Aristocrat sign a non-disclosure agreement.

15.     On February 22, 2000, Aaron Barth, an Aristocrat employee, signed a "Confidential Disclosure Agreement" on behalf of Aristocrat.  The agreement was also signed by IGT's Ali Saffari.  A copy of that agreement is attached as Exhibit B.

16.     The Confidential Disclosure Agreement stated that IGT "has conceived of certain potentially marketable concepts and inventions related to IGT's Slot Accounting System (referred to as 'SAS') protocol version 5.xx or higher, which provides the ability for communication between gaming machines and Slot Accounting Systems for player tracking, voucher redemption, as well as other functions (hereafter the 'IGT Proprietary Materials')."

17.     The Confidential Disclosure Agreement also stated that Aristocrat agreed that the IGT Proprietary Materials are proprietary to IGT.

18.     The Confidential Disclosure Agreement also stated that the materials IGT shared with Aristocrat would not "be reproduced or otherwise used by [Aristocrat], its employees or agents for any other purpose other than set forth in this Agreement, nor to the detriment of, or in any manner in competition with IGT or its products, nor provided or disclosed to any third person or business entity of any kind without the prior written consent of IGT."

19.     After Aristocrat's Aaron Barth signed the Confidential Disclosure Agreement, IGT provided its SAS protocol version 5.01 to Mr. Barth on or before February 28, 2000.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

20.     On October 19, 2000, Aristocrat employees filed patent applications for a cashless gaming invention, claiming that they invented a method and apparatus for a cashless actuated gaming system.  Upon information and belief, Aristocrat's filings to the Patent Office in connection with obtaining its '619 and '143 patents disclosed information that IGT had provided to Aristocrat under the Confidential Disclosure Agreement.

21.     In disclosing IGT's Proprietary Information in its patent filings, Aristocrat breached the Confidential Disclosure Agreement.

22.     In obtaining patents using IGT's Proprietary Information, Aristocrat has wrongfully claimed title to IGT's intellectual property.

23.     In filing a patent infringement action against IGT, Aristocrat has used IGT's Proprietary Information to IGT's detriment.

## IGT COUNTERCLAIM COUNT I

### (NON-INFRINGEMENT OF U.S. PATENT NO. 8,408,989)

24.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 23 of its Counterclaims.

25.     IGT has not infringed any valid and enforceable claim of the '989 patent.

26.     IGT therefore seeks a judicial declaration that it has not infringed any claim of the '989 patent.

## IGT COUNTERCLAIM COUNT II

### (INVALIDITY OF U.S. PATENT NO. 8,408,989)

27.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 26 of its Counterclaims.

28.     The claims of the '989 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

29.     IGT therefore seeks a judicial declaration that the claims of the '989 patent are invalid.

**IGT COUNTERCLAIM COUNT III**

**(NON-INFRINGEMENT OF U.S. PATENT NO. 8,038,524)**

30.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 29 of its Counterclaims.

31.     IGT has not infringed any valid and enforceable claim of the '524 patent.

32.     IGT therefore seeks a judicial declaration that it has not infringed any claim of the '524 patent.

**IGT COUNTERCLAIM COUNT IV**

**(INVALIDITY OF U.S. PATENT NO. 8,038,524)**

33.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 32 of its Counterclaims.

34.     The claims of the '524 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

35.     IGT therefore seeks a judicial declaration that the claims of the '524 patent are invalid.

**IGT COUNTERCLAIM COUNT V**

**(NON-INFRINGEMENT OF U.S. PATENT NO. 8,465,357)**

36.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 35 of its Counterclaims.

37.     IGT has not infringed any valid and enforceable claim of the '357 patent.

38.     IGT therefore seeks a judicial declaration that it has not infringed any claim of the '357 patent.

**IGT COUNTERCLAIM COUNT VI**

**(INVALIDITY OF U.S. PATENT NO. 8,465,357)**

39.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 38 of its Counterclaims.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

40.     The claims of the '357 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

41.     IGT therefore seeks a judicial declaration that the claims of the '357 patent are invalid.

### IGT COUNTERCLAIM COUNT VII

### (NON-INFRINGEMENT OF U.S. PATENT NO. 7,704,143)

42.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 41 of its Counterclaims.

43.     IGT has not infringed any valid and enforceable claim of the '143 patent.

44.     IGT therefore seeks a judicial declaration that it has not infringed any claim of the '143 patent.

### IGT COUNTERCLAIM COUNT VIII

### (INVALIDITY OF U.S. PATENT NO. 7,704,143)

45.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 44 of its Counterclaims.

46.     The claims of the '143 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

47.     IGT therefore seeks a judicial declaration that the claims of the '143 patent are invalid.

### IGT COUNTERCLAIM COUNT IX

### (NON-INFRINGEMENT OF U.S. PATENT NO. 6,896,619)

48.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 47 of its Counterclaims.

49.     IGT has not infringed any valid and enforceable claim of the '619 patent.

50.     IGT therefore seeks a judicial declaration that it has not infringed any claim of the '143 patent.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

## IGT COUNTERCLAIM COUNT X

### (INVALIDITY OF U.S. PATENT NO. 6,896,619)

51.  IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 50 of its Counterclaims.

52.  The claims of the '619 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

53.  IGT therefore seeks a judicial declaration that the claims of the '619 patent are invalid.

## IGT COUNTERCLAIM COUNT XI

### (NON-INFRINGEMENT OF U.S. PATENT NO. 7,326,113)

54.  IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 53 of its Counterclaims.

55.  IGT has not infringed any valid and enforceable claim of the '113 patent.

56.  IGT therefore seeks a judicial declaration that it has not infringed any claim of the '113 patent.

## IGT COUNTERCLAIM COUNT XII

### (INVALIDITY OF U.S. PATENT NO. 7,326,113)

57.  IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 56 of its Counterclaims.

58.  The claims of the '113 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

59.  IGT therefore seeks a judicial declaration that the claims of the '113 patent are invalid.

**IGT COUNTERCLAIM COUNT XIII**

**(NON-INFRINGEMENT OF U.S. PATENT NO. 8,298,064)**

60.　　IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 59 of its Counterclaims.

61.　　IGT has not infringed any valid and enforceable claim of the '064 patent.

62.　　IGT therefore seeks a judicial declaration that it has not infringed any claim of the '064 patent.

**IGT COUNTERCLAIM COUNT XIV**

**(INVALIDITY OF U.S. PATENT NO. 8,298,064)**

63.　　IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 62 of its Counterclaims.

64.　　The claims of the '064 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

65.　　IGT therefore seeks a judicial declaration that the claims of the '064 patent are invalid.

**IGT COUNTERCLAIM COUNT XV**

**(NON-INFRINGEMENT OF U.S. PATENT NO. 8,591,316)**

66.　　IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 65 of its Counterclaims.

67.　　IGT has not infringed any valid and enforceable claim of the '316 patent.

68.　　IGT therefore seeks a judicial declaration that it has not infringed any claim of the '316 patent.

**IGT COUNTERCLAIM COUNT XVI**

**(INVALIDITY OF U.S. PATENT NO. 8,591,316)**

69.　　IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 68 of its Counterclaims.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

70. The claims of the '316 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

71. IGT therefore seeks a judicial declaration that the claims of the '316 patent are invalid.

### IGT COUNTERCLAIM COUNT XVII

### (NON-INFRINGEMENT OF U.S. PATENT NO. 6,623,006)

72. IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 71 of its Counterclaims.

73. IGT has not infringed any valid and enforceable claim of the '006 patent.

74. IGT therefore seeks a judicial declaration that it has not infringed any claim of the '006 patent.

### IGT COUNTERCLAIM COUNT XVIII

### (INVALIDITY OF U.S. PATENT NO. 6,623,006)

75. IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 74 of its Counterclaims.

76. The claims of the '006 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

77. IGT therefore seeks a judicial declaration that the claims of the '006 patent are invalid.

### IGT COUNTERCLAIM COUNT XIX

### (NON-INFRINGEMENT OF U.S. PATENT NO. 8,550,896)

78. IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 77 of its Counterclaims.

79. IGT has not infringed any valid and enforceable claim of the '896 patent.

80. IGT therefore seeks a judicial declaration that it has not infringed any claim of the '896 patent.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

## IGT COUNTERCLAIM COUNT XX

### (INVALIDITY OF U.S. PATENT NO. 8,550,896)

81.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 80 of its Counterclaims.

82.     The claims of the '896 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

83.     IGT therefore seeks a judicial declaration that the claims of the '896 patent are invalid.

## IGT COUNTERCLAIM COUNT XXI

### (NON-INFRINGEMENT OF U.S. PATENT NO. 6,855,052)

84.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 83 of its Counterclaims.

85.     IGT has not infringed any valid and enforceable claim of the '052 patent.

86.     IGT therefore seeks a judicial declaration that it has not infringed any claim of the '052 patent.

## IGT COUNTERCLAIM COUNT XXII

### (INVALIDITY OF U.S. PATENT NO. 6,855,052)

87.     IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 86 of its Counterclaims.

88.     The claims of the '052 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

89.     IGT therefore seeks a judicial declaration that the claims of the '052 patent are invalid.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

### IGT COUNTERCLAIM COUNT XXIII

### (BREACH OF CONTRACT: CONFIDENTIAL DISCLOSURE AGREEMENT)

90.    IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1-89 of its Counterclaims.

91.    IGT and Aristocrat executed the Confidential Disclosure Agreement, a valid and enforceable contract, on February 22, 2000.

92.    By obtaining patents using IGT Proprietary information and suing IGT for patent infringement on those same patents, Aristocrat breached the Confidential Disclosure Agreement.

93.    IGT has suffered and will continue to suffer damages due to Aristocrat's breach of the Confidential Disclosure Agreement.

### IGT COUNTERCLAIM COUNT XXIV

### (TORTIOUS CONVERSION OF IGT INTELLECTUAL PROPERTY)

94.    IGT restates and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 93 of its Counterclaims.

95.    IGT developed intellectual property related to it SAS, TITO, and EZ-Pay technology.

96.    IGT disclosed its intellectual property to Aristocrat under the Confidential Disclosure Agreement, a valid and enforceable contract executed by IGT and Aristocrat on February 22, 2000.

97.    In filing patent applications and obtaining patents using IGT's Proprietary Information, Aristocrat has wrongfully converted IGT's intellectual property.

98.    IGT has suffered and will continue to suffer damages due to Aristocrat's tortious conversion of IGT intellectual property.

### IGT'S PRAYER FOR RELIEF

WHEREFORE, IGT respectfully requests the following relief:

A.    Dismissal of each of Aristocrat's Counterclaims with prejudice;

B.    A Declaration that IGT has not infringed the claims of the '989, '524, '357, '143, '113, '619, '064, '316, '006, '896, and '052 patents;

C.    A Declaration that the claims of the '989, '524, '357, '143, '113, '619, '064, '316, '006, '896, and '052 patents are invalid;

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

34

D. An award of all costs and expenses in this action, including reasonable attorneys' fees;

E. An award of damages equal to the value of the IGT intellectual property wrongfully converted;

F. An award of damages to compensate IGT for its losses incurred as a result of Aristocrat's breach of the Confidential Disclosure Agreement;

G. An award of all of the relief requested in IGT's Revised Second Amended Complaint and any amendments thereto; and

H. An award of such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

IGT demands a trial by jury on all issues so triable in this action.

RESPECTFULLY SUBMITTED this ____ day of February, 2016.

By: _____
ADAM K. MORTARA, ESQ. (*pro hac vice*)
BRIAN C. SWANSON, ESQ. (*pro hac vice*)
JASON L. PELTZ, ESQ. (*pro hac vice*)
REID M. BOLTON, ESQ. (*pro hac vice*)
BARTLIT BECK HERMAN
   PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone:  312.494.4400
Facsimile:  312.494.4440
E-mail:  adam.mortara@bartlit-beck.com
           brian.swanson@bartlit-beck.com
           jason.peltz@bartlit-beck.com
           reid.bolton@bartlit-beck.com

DANIEL C. TAYLOR, ESQ. *(pro hac vice)*
BARTLIT BECK HERMAN
   PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Telephone:  303.592.3100
Facsimile:  303.592.3140
E-mail:  daniel.taylor@bartlit-beck.com

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

JEFF SILVESTRI, ESQ. (#5779)
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
E-mail: jsilvestri@mcdonaldcarano.com

*Attorneys for Plaintiff and Counterclaim
Defendant IGT*

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of February, 2016, a true and correct copy of **IGT'S CORRECTED ANSWER AND COUNTERCLAIMS TO ARISTOCRAT TECHNOLOGIES INC.'S, ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY. LTD.'S AND ARISTOCRAT INTERNATIONAL PTY. LTD.'S COUNTERCLAIMS TO PLAINTIFF IGT'S REVISED SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using the CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notifications in this case.

_____

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE • SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

# EXHIBIT A

 **International Game Technology**

February 8, 2000

Frank DeSimone, Vice President of Engineering, Sigma
Mark Dyne, CEO, Sega Gaming
Mark Lowell, Vice President of Operations, Aristocrat
Robert Luciano, President, Sierra Design Group
T.J. Mathews, Executive Vice President, Anchor Gaming
Dean McClain, President, Konami Gaming, Inc.
Robert Miodunski, President & COO, Alliance Gaming
Andrew Pascal, President, Silicon Gaming, Inc.
Dave Tucker, President, Atronic
Kevin Verner, Executive Vice President and COO, Williams Gaming Inc.
Steve Weiss, Chairman, Casino Data Systems

Gentlemen,

As you are already aware, IGT has developed a version of the SAS protocol that allows a gaming machine
to accept and print vouchers. The technology utilizing this protocol was incorporated into the EZ Pay
system that we debuted at the 1999 World Gaming Congress & Expo in Las Vegas. Since its inception,
IGT has devoted substantial resources developing this technology. We realize that by sharing this
technology with the industry, everyone will benefit in the long run.

You are cordially invited to attend a Gaming Manufacturers' Conference in which we will share IGT's
SAS and Netplex printing protocols. We will assist your efforts to integrate the voucher accepting and
printing capabilities into your machines. Additionally, there will be three printer manufacturers in
attendance to answer any of your questions.

We have already called to invite you to the conference, and would now like to extend a formal invitation.
The conference will be held Friday, February 11th, from 9:00 a.m. until 1:00 p.m., in the Board of Directors
Room at the IGT main offices, 9295 Prototype Way in Reno, Nevada. Please feel free to send up to three
of your game engineers to participate in the conference.

We request that you read and sign the attached Non-Disclosure Agreement, and return it prior to your
participation at the conference. If you have any further questions, or simply need directions to our facility,
please contact John Chamberlain at (775) 448-1605 or Jill Zundel at (775) 448-1130.

Sincerely yours,

Ali Saffari
Vice President, Firmware Engineering

**Mail Correspondence to: P.O. Box 10580, Reno, NV 89510-0580**
9295 Prototype Drive, Reno, NV 89511, Phone 702/448-7777

CONFIDENTIAL

IGT 0006084

# EXHIBIT B

Case 2:15-cv-00473-GMN-GWF  Document 108-3 Filed 02/27/16 Page 46 of 46

3100656

 **International Game Technology**

This Agreement is by and among Aristocrat of Reno, Nevada ("Disclosee") and IGT, a Nevada corporation ("IGT").

WHEREAS, IGT has conceived of certain potentially marketable concepts and inventions relating to IGT's Slot Accounting System (referred to as "SAS") protocol version 5.xx or higher, which provides the ability for communication between gaming machines and Slot Accounting Systems for player tracking, voucher redemption, as well as other functions (hereinafter the "IGT Proprietary Materials"), which is the subject of this Agreement; and

WHEREAS, IGT desires to provide to Disclosee the IGT Proprietary Materials on a non-exclusive basis, for the sole purpose of **implementation of the IGT Proprietary Materials in Disclosee's gaming machines in all jurisdictions where gaming is legal** (the "PURPOSE"). The IGT Proprietary Materials are for no other purpose other than as stated in this Agreement, which may be amended as mutually agreed by the parties from time to time.

NOW, THEREFORE, in consideration of the above receipt of the IGT Proprietary Materials, Disclosee agrees to receive the information and materials under the following promises and conditions:

1.      Disclosee and IGT agree that the IGT Proprietary Materials are proprietary to IGT.

2.      Disclosee and IGT agree that the IGT Proprietary Materials and any other proprietary and/or trade secret information which is directly or indirectly disclosed by IGT to Disclosee in connection with delivery to Disclosee by IGT of the IGT Proprietary Materials, will be maintained by Disclosee in confidence and shall not be reproduced or otherwise used by Disclosee, its employees or agents for any purpose other than as set forth in this Agreement, nor to the detriment of, or in any manner in competition with IGT or its products, nor provided or disclosed to any third person or business entity of any kind without the prior written consent of IGT.

3.      The disclosure by IGT to Disclosee shall impose no obligation upon Disclosee with respect to any portion of the received information which (i) is now, or which hereafter, through no act or failure on the part of Disclosee becomes generally known or available; (ii) is lawfully furnished to Disclosee by a third party and without restriction on disclosure; (iii) is known to Disclosee at the time of receipt of such information shown by written documentation; or (iv) is independently developed by Disclosee without reference to such information as shown by written documentation.

4.      The IGT Proprietary Materials are disclosed by IGT to Disclosee for the limited purposes described in this Agreement, and IGT hereby consents to such limited use.

5.      This Agreement shall bind the successors in interest of the parties hereto. This Agreement shall be interpreted under the laws of the State of Nevada.

6.      Disclosee agrees to return the IGT Proprietary Materials to IGT upon request at any time.

Each undersigned hereby acknowledges that he or she has the authority to bind the respective party to the terms set forth herein.

Aristocrat                                      IGT

By _____              By _____
(Signature of Authorized Representative)       (Signature of Authorized Representative)
Print Name: GARTH F. AARON             Print Name:    Ali Saffari
Title:   SECRETARY                     Title:   Vice President Firmware Engineering
Date   2/22/00                         Date   2/14/2000

**Mail Correspondence to: P.O. Box 10580, Reno, NV 89510-0580**
9295 Prototype Drive, Reno, NV 89511, Phone 702/448-7777

IGT 0005653