JEFF SILVESTRI, ESQ.
Nevada Bar No. 5779
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
E-mail: jsilvestri@mcdonaldcarano.com

ADAM K. MORTARA, ESQ. (*pro hac vice*)
BRIAN C. SWANSON, ESQ. (*pro hac vice*)
JASON L. PELTZ, ESQ. (*pro hac vice*)
REID M. BOLTON, ESQ. (*pro hac vice*)
BARTLIT BECK HERMAN
 PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: 312.494.4400
Facsimile: 312.494.4440
E-mail: adam.mortara@bartlit-beck.com
       brian.swanson@bartlit-beck.com
       jason.peltz@bartlit-beck.com
       reid.bolton@bartlit-beck.com

DANIEL C. TAYLOR, ESQ. (*pro hac vice*)
BARTLIT BECK HERMAN
 PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Telephone: 303.592.3100
Facsimile: 303.591.3140
E-mail: daniel.taylor@bartlit-beck.com

*Attorneys for Plaintiff and Counterclaim Defendant IGT*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IGT,<br><br>    Plaintiff,<br><br>    v.<br><br>ARISTOCRAT TECHNOLOGIES, INC.,<br><br>    Defendant.<br><br>ARISTOCRAT TECHNOLOGIES, INC.,<br>ARISTOCRAT TECHNOLOGIES<br>AUSTRALIA PTY. LTD., and<br>ARISTOCRAT INTERNATIONAL PTY. LTD.,<br><br>    Counterclaim Plaintiffs,<br><br>    v.<br><br>IGT,<br><br>    Counterclaim Defendant. | CASE NO. 2:15-cv-00473-GMN-GWF<br><br>**[PROPOSED] STIPULATED CASE MANAGEMENT ORDER** |

Plaintiff/Counterclaim Defendant IGT ("IGT"), Defendant/Counterclaim Plaintiff Aristocrat Technologies, Inc. ("ATI"), and Counterclaim Plaintiffs Aristocrat Technologies Australia Pty Ltd. and Aristocrat International Pty Ltd. (together with ATI, "Aristocrat") submit this proposed case management order pursuant to the Court's Order of February 9, 2016, Dkt. No. 98.

## I. NUMBER OF PATENTS PER SIDE

The parties agree that IGT may assert five patents and Aristocrat may assert four patents in the first phase.

## II. IGT'S COUNTERCLAIMS

The parties agree that IGT may pursue its counterclaims for breach of contract and conversion as part of the first phase (subject to Aristocrat's pending motion to dismiss (Dkt. No. 101)).

## III. STAY PENDING IPR

The parties agree that, in the event IGT chooses to include one or more of the four Kaminkow patents in the first phase, Aristocrat may move to stay IGT's claims concerning infringement of those patents pending the outcome of IPR proceedings. IGT can oppose the motion in due course. In the event that the Court grants Aristocrat's motion to stay and the PTO institutes IPR on the Kaminkow patent(s) that IGT selects for the first phase,[1] IGT will be permitted to substitute up to two of those Kaminkow patents with either (i) Kaminkow patents for which the PTO does not institute IPR (and which IGT does not initially select for the first phase), or (ii) non-Kaminkow patents. If IGT wishes to substitute different Kaminkow patents, IGT will wait until after the PTO issues its institution decision on those patents before making the substitution.

The parties further agree that, with the exception of the motion to stay the Kaminkow patents noted above, neither party will move to stay any other patent chosen for the first phase pending the outcome of IPR proceedings.

---

[1] If the Court grants Aristocrat's motion to stay before the PTO issues its decision on whether to institute IPR on the Kaminkow patent(s) included in the first phase and the PTO subsequently denies institution, the parties agree that the stay will automatically dissolve.

IV.     **SUBSTITUTION OF PATENTS**

The parties agree that, aside from the substitution mechanism for the Kaminkow patents outlined above, either party may move to substitute a first-phase patent upon a showing of good cause.

V.      **PROPOSED SCHEDULE**

The parties propose the following schedule for the first phase of the case:

| Event | Proposed Deadline |
| --- | --- |
| Court enters this case management Order | 3/1/16 |
| Parties identify the patents they will assert in first phase | 7 days after filing of case management order: 3/4/16 |
| Initial infringement contentions pursuant to L.R. 16.1-6 for any patent included in the first wave for which initial infringement contentions have not yet been completed (not including the items required by L.R. 16.1-6(g)) (*This date will not be included in the schedule if neither party selects for the first phase a patent for which initial infringement contentions have not yet been completed.*) | 7 days after identification of first-phase patents: 3/11/16 |
| Initial non-infringement and invalidity contentions pursuant to L.R. 16.1-8 for any patent included in the first wave for which initial non-infringement and invalidity contentions have not yet been completed (*This date will not be included in the schedule if neither party selects for the first phase a patent for which initial non-infringement and invalidity contentions have not yet been completed.*) | 45 days after service of initial infringement contentions for any new patents: 4/25/16 |
| Responses to non-infringement and invalidity contentions for all patents in first phase (L.R. 16.1-10) | 14 days after initial non-infringement and invalidity contentions for any new patents: 5/9/16 (*In the event that neither party selects for the first phase a patent for which initial contentions have not yet been completed, this deadline will be 14 days after identification of the first-phase patents: 3/18/16*) |
| Pre-claim construction settlement conference (L.R. 16.1-19) | Within 30 days after completion of all Contentions (or at the Court's convenience) |

3

| | |
|---|---|
| Exchange of proposed terms for claim construction for patents in first phase (L.R. 16.1-13) | 14 days after response contentions: 5/23/16<br>*Or 4/1/16 if neither party selects for the first phase a patent for which initial contentions have not yet been completed.* |
| Exchange of preliminary claim constructions and extrinsic evidence for patents in first phase (L.R. 16.1-14) | 35 days after exchange of proposed terms for claim construction: 6/27/16<br>*Or 5/6/16 if neither party selects for the first phase a patent for which initial contentions have not yet been completed.* |
| Joint claim construction and pre-hearing statement for patents in first phase (L.R. 16.1-15) | 28 days after exchange of preliminary claim constructions and extrinsic evidence: 7/25/16<br>*Or 6/3/16 if neither party selects for the first phase a patent for which initial contentions have not yet been completed.* |
| Opening claim construction briefs for patents in first phase (L.R. 16.1-16) | 30 days after joint claim construction and pre-hearing statement: 8/24/16<br>*Or 7/5/16 if neither party selects for the first phase a patent for which initial contentions have not yet been completed.* |
| Claim construction response briefs for patents in first phase (L.R. 16.1-16) | 30 days after opening claim construction briefs: 9/23/16<br>*Or 8/4/16 if neither party selects for the first phase a patent for which initial contentions have not yet been completed.* |
| Claim construction reply briefs for patents in first phase (L.R. 16.1-16) | 21 days after claim construction response briefs: 10/14/16<br>*Or 8/25/16 if neither party selects for the first phase a patent for which initial contentions have not yet been completed.* |
| Post-claim construction settlement conference (L.R. 16.1-19) | Within 30 days after claim construction ruling (or at the Court's convenience) |
| Identification of products that practice the patents and accompanying document production for patents in first phase (L.R. 16.1-6(g) and 7(e)) | 30 days after *Markman* ruling |
| Interim status report (L.R. 26-3) | 60 days after *Markman* ruling |
| Close of fact discovery for patents in first phase (L.R. 26-1(e)(1)) | 120 days after *Markman* ruling |

| | |
|---|---|
| Opening expert reports for patents in first phase (L.R. 26-1(e)(3)) | 30 days after close of fact discovery |
| Rebuttal expert reports for patents in first phase | 30 days after opening expert reports |
| Reply expert reports for patents in first phase | 15 days after rebuttal expert reports |
| Close of expert discovery for patents in first phase | 100 days after close of fact discovery |
| Filing of dispositive motions for patents in first phase (L.R. 26-1(e)(4)) | 30 days after close of expert discovery |
| Pretrial Order for first phase (L.R. 26-1(e)(5)) | 60 days after ruling on dispositive motions (or 60 days after close of expert discovery if no dispositive motions are filed) |
| Pretrial Settlement Conference (L.R. 16.1-19) | Within 30 days of filing of pretrial order |

In the event that either party is permitted to substitute patents for the first phase, the parties will meet and confer in a good-faith effort to agree on a schedule for the substituted patents. The foregoing does not preclude a party from opposing substitution based on lack of good cause, including that the proposed substitution would delay the existing schedule.

5

Respectfully submitted this 26th day of February, 2016.

/s/ *Adam K. Mortara*
JEFF SILVESTRI, ESQ.
Nevada Bar No. 5779
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
E-mail: jsilvestri@mcdonaldcarano.com

ADAM K. MORTARA, ESQ. (*pro hac vice*)
BRIAN C. SWANSON, ESQ. (*pro hac vice*)
JASON L. PELTZ, ESQ. (*pro hac vice*)
REID M. BOLTON, ESQ. (*pro hac vice*)
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: 312.494.4400
Facsimile: 312.494.4440
E-mail: adam.mortara@bartlit-beck.com
       brian.swanson@bartlit-beck.com
       jason.peltz@bartlit-beck.com
       reid.bolton@bartlit-beck.com

DANIEL C. TAYLOR, ESQ. (*pro hac vice*)
BARTLIT BECK HERMAN
  PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Telephone: 303.592.3100
Facsimile: 303.591.3140
E-mail: daniel.taylor@bartlit-beck.com

*Attorneys for Plaintiff/Counterclaim Defendant IGT*

/s/ *Peter A. Swanson*
NICHOLAS J. SANTORO
SANTORO WHITMIRE, LTD.
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Telephone: (702) 948-8771
Facsimile: (702) 948-8773
E-mail: nsantoro@santoronevada.com

ROBERT T. HASLAM (*pro hac vice*)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
E-mail: rhaslam@cov.com

GARY M. RUBMAN (*pro hac vice*)
PETER A. SWANSON (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
E-mail: grubman@cov.com,
pswanson@cov.com

*Attorneys for Defendant/Counterclaim Plaintiff Aristocrat Technologies Inc., and Counterclaim Plaintiffs Aristocrat Technologies Australia Pty Ltd. and Aristocrat International Pty Ltd.*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 2, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2016, a true and correct copy of the **[PROPOSED] STIPULATED CASE MANAGEMENT ORDER** was electronically filed with the Clerk of the Court by using the CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notifications in this case.

*/s/ Adam K. Mortara*
Adam K. Mortara